## STATE v. GARLINGTON.

1. HABEAS CORPUS—JURISDICTION.—Under writ of habeas corpus this Court cannot enquire into errors at law in the proceedings under which petitioner has been imprisoned by magistrate, except as to jurisdiction.
2. PEACE—JURISDICTION.—Magistrate has jurisdiction to bind over a party to keep the peace, and in default of bond, put him in jail.

Petition by James Garlington for writ of habeas corpus in the original jurisdiction of this Court.

*Mr. Hunter A. Gibbs,* for petitioner.

*Assistant Attorney General U. X. Gunter,* contra.

January 6, 1900.

*Per Curiam.* The defendant, under an application for a writ of habeas corpus, was brought before this Court, when he applied to be discharged from confinement in the county jail of Richland County, upon the ground that he was illegally restrained of his liberty. Upon hearing this motion, the Court, in a short order, refused to grant his motion, saying that the reasons for such refusal would thereafter be given in writing, which we now propose to do. It appears from the papers before us that, upon an affidavit of one J. Jerwitt, stating that the said Jim Garlington "did, without cause or provocation, assault this deponent and attempt to strike him with a rock, with intent to kill the said deponent * * * and deponent further prays that the said Jim

Garlington be required to give bond for the peace," Mr. Clarkson, one of the magistrates for the County of Richland, issued his warrant requiring that the said Jim Garlington be apprehended and brought before him, "to be dealt with according to law." Under this warrant the said Garlington was arrested and taken before the said magistrate, and, upon a preliminary examination, the charges as to assault with intent to kill were dismissed, but the accused was "found guilty of breach of peace and threats," and was duly committed to jail "in default of peace bond to keep the peace for one year and a day." The sheriff having made a return to this effect, as to the cause of the capture and detention of the petitioner, the question before us is, whether, under a writ of habeas corpus, the petitioner is entitled to his discharge.

It has been frequently held by the Supreme Court of the United States that a writ of habeas corpus cannot be used as a substitute for a writ of error. Accordingly this Court, following the same view, has held that where a person has been imprisoned under the judgment of a Court of competent jurisdiction, he is not entitled to his discharge under a writ of habeas corpus, even though there be errors of law in the proceedings under which such judgment has been rendered, but can only obtain such relief, in such a mode, by showing that the Court rendering such judgment is without jurisdiction in the case. *Ex parte Bond,* 9 S. C., 80, and the cases there cited. We do not deem it necessary, therefore, to inquire whether there were any errors of law in the proceedings before the magistrate resulting in his commitment to jail in default of his giving a peace bond (though we are not to be understood as intimating that there were any such errors), as the only question before us is whether the magistrate had jurisdiction to commit the petitioner to jail in default of a bond requiring him to keep the peace. As to this question there can be no doubt, under the express terms of sec. 21 or art. V. of the Constitution of 1895, where, in

defining the jurisdiction of magistrates, we find these words: "They shall also have the power to bind over to keep the peace and for good behavior for a time not to exceed twelve months."    See, also, sec. 13 of the Crim. Stat., 2 Rev. Stat., 267.