16578

STATE v. RAMEY

(68 S. E. (2d) 634)

*Mr. John M. Schofield,* of Walhalla, *for Appellant,* cites:

*Mr. Rufus Fant, Solicitor,* of Anderson, *for Respondent,* cites :

January 8, 1952.

OXNER, Justice.

Upon an indictment charging that on May 5, 1951, he operated an automobile "while under the influence of intoxicating liquor and narcotic drugs", appellant was convicted and sentenced as a third offender. The exceptions raise three questions. One has been abandoned. The two for decision are whether the Court erred in refusing to quash the indictment, and (2) in refusing to grant a motion for a directed verdict upon the ground that the evidence was insufficient to sustain a conviction.

It was alleged in the indictment "that said offense is not a first offense, the said Bert Ramey having prior to the commission of same committed a similar offense in said state." Upon the call of the case for trial, counsel for appellant moved to quash upon the ground that the quoted allegation was prejudicial in that it put his character in issue. The identical question was settled adversely to the contention of appellant in the recent case of *State v. Mitchell,* 1951, S. C., 68 S. E. (2d) 350.

Was the evidence sufficient to sustain conviction :

A patrolman of Oconee County, who had known appellant for about three years, testified in part as follows :

"Q. What did you observe as to the manner in which he was driving? A. As I turned into the road I met a 1935 Plymouth and I pulled off the highway and watched the

car. I noticed that it was being driven on the left side of the road and so I waited a moment until he got on the right side of the road and I stopped him.

\* \* \*

"Q. When you stopped him what condition was he in? A. I walked up to the car and I observed Mr. Ramey slumped over the steering wheel. I told him to get out but he would not get out and I finally had to open the door and help him out of the car.

"Q. The condition he was in, was he in any kind of condition to drive an automobile? A. No, sir.

\* \* \*

"Q. Atfer you got him out of the car could he walk straight? A. No, sir.

"Q. How could he walk? A. Hanging on to me and me holding him.

"Q. Did you smell his breath? A. Yes, sir.

"Q. Did he have an odor on it? A. Yes, it smelled like strawberry odor on his breath.

"Q. Did you search his car? A. Yes, sir.

"Q. What did you find in the car? A. I found a rubbing alcohol bottle in the car.

"Q. Was there anything in the bottle? A. Yes, there was a little left in the bottle.

"Q. Where was the bottle? A. It was down between the seats.

\* \* \*

"Q. How was his manner, was his mind clear or not clear? A. It wasn't clear.

\* \* \*

"Q. State whether or not Ramey was under the influence of something and was not normal? A. I have seen him drunk before and he acted just like he did that day.

"Q. Comparing his manner and demeanor that day with the times you saw him before when he was drunk, would you say he was drunk that day? A. Yes, sir.

\* \* \*

"Q. I want to get this straight for the record. From your experience as an officer and your knowledge of Bert Ramey, when you found him in this car, to the best of your opinion, I will ask you was he or not under the influence of some liquor? A. Yes, sir."

When appellant was arrested, he claimed to be ill. As a matter of precaution the arresting officer called a physician, who concluded from an examination of appellant that it would not be harmful to his health to confine him in jail. This physician, who had previously treated appellant, stated that he had a form of leukemia, which at times might cause him "to stagger or be uneasy on his feet." He said that he detected a "sweet odor" on appellant's breath which apparently did not come from alcohol. It was the opinion of this physician that he was "under the influence of something, probably a drug", but he was unable to say definitely what it was.

Several officers saw appellant at the jail on the night he was arrested, although they did not get close enough to smell his breath. One stated that he had seen him on other occasions under the influence of whiskey and that he appeared to be drunk. Another officer testified that he "was groggy".

No testimony was offered by appellant.

The statute under which appellant was indicted, Section 57 of Act No. 281 of the Acts of 1949, 46 St. at L. 466, 483, makes it "unlawful for any person who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle within this State."

We think the testimony of the officers was entirely sufficient to warrant a conviction under the foregoing statute. It is argued that these officers merely gave their opinion as to appellant's condition and that a conviction cannot be based on testimony of this character. But it is well settled that a lay witness may testify whether or not in his

opinion a person was drunk or sober on a given occasion on which he observed him and that the weight of such testimony is for determination by the jury. *State v. Stockman,* 82 S. C. 388, 64 S. E. 595; *State v. Dawson,* 228 N. C. 85, 44 S. E. (2d) 527; *State v. Jones,* 124 Conn. 664, 2 A. (2d) 374. It is true that the examining physician stated that he did ·not detect any odor of alcohol and was of the opinion that appellant was under the influence of some kind of drug but any conflict between this testimony and that of the officers was a matter for the jury.

Although appellant offered no testimony, it appears from the cross-examination of the State's witnesses and from the argument of his counsel that his defense was that he had taken a · barbiturate drug, which it is claimed cannot be classified as a narcotic. Without undertaking to determine whether it is a violation of this statute for one to drive an automobile while under the influence of barbiturates, it is sufficient to say that there is no evidence in this case that appellant had used this type of drug and it could be reasonably inferred from the testimony of the officers that he was under the influence of some kind of alcoholic beverage or intoxicating decoction.

Affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.