18929

John Paul ANDERSON, Appellant, v. The STATE, Respondent.
(168 S. E. (2d) 305)

*John Paul Anderson, Pro Se, Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Emmet H. Clair* and *Robert H. Hood, Assistant Attorneys General,* of Columbia, *for Respondent,*

JOHN PAUL ANDERSON, *Pro Se, Appellant,* in Reply.

June 6, 1969.

LEWIS, Justice.

The appellant, John Paul Anderson, representing himself, has appealed from an order of the lower court dismissing, without a hearing, his petition for a writ of habeas corpus.

Anderson was tried in December 1965 and found guilty of murder with a recommendation to mercy, receiving a mandatory life sentence. Thereafter, his retained trial counsel gave notice of intention to appeal on his behalf, but the appeal was not timely perfected because of differences between him and his attorney. In December 1966, upon motion of the State to dismiss the appeal for failure to timely perfect it, Anderson was given ninety (90) days to obtain an attorney of his choice, or in lieu thereof, the court would appoint counsel to prosecute the appeal. With the consent of Anderson, Messrs. John W. Williams, Jr., and John W. McIntosh of Columbia, South Carolina, were thereafter substituted as counsel of record, replacing trial counsel. His substituted counsel were furnished a copy of the trial record in February 1968 and, by order dated March 8, 1968, the time to serve a proposed case and exceptions on appeal was extended to April 8, 1968.

652

On January 5, 1968, while the foregoing appeal was pending and prior to the expiration of the time allowed for filing his grounds of appeal, Anderson filed a petition for a writ of habeas corpus, which was dismissed by the lower court, on February 9, 1968, without a hearing, upon the ground that, since Anderson had pending an unperfected appeal from his conviction, the petition for a writ of habeas corpus was premature.

When Anderson filed his petition for a writ of habeas corpus, the appeal from his conviction was pending, with the opportunity still available to him to challenge his conviction on any ground considered proper. That appeal has been argued before this court but has not been decided.

The so-called petition consists of a long narrative of alleged events which took place prior to the trial. Anderson charges that these pretrial events violated his constitutional rights and resulted in the use against him of evidence illegally obtained. He alleges however that such evidence was objected to at the trial and its admissibility ruled upon by the trial judge. Under the present allegations, it appears that review of the rulings as to the admissibility of this evidence was available in the pending appeal from his conviction. Since this was true, the petition contained no allegations which warranted the issuance of the writ and, upon that ground, was properly dismissed without a hearing. *Tyler v. State,* 247 S. C. 34, 145 S. E. (2d) 434.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.