## 18064

Jesse L. HAYES, Appellant, v. STATE of South Carolina, Ellis C. MacDougall, Director, Board of Corrections, State of South Carolina, R. F. Goodman, Warden, South Carolina State Penitentiary, Respondents.

(130 S. E. (2d) 907)

*Jesse L. Hayes, Appellant, Pro. Se.,* of Columbia,

*Messrs. Daniel R. McLeod, Attorney General,* and *Clarence T. Goolsby, Jr., Assistant Attorney General,* of Columbia, *for Respondents,*

May 1, 1963.

Bussey, Justice.

In June 1961 appellant was convicted of manslaughter and sentenced to serve a term of twelve years, he being presently confined in the State Penitentiary under this sentence. In October 1962 he filed a petition for a writ of habeas corpus, which was denied by the court, without a hearing, on the ground that it was obvious that the petition was without merit. This appeal followed.

The only question before us on appeal is whether the petition stated a *prima facie* case so as to entitle petitioner to a hearing. The petitioner alleged that he was innocent and that witnesses for the state testified falsely. These allegations alone failed to state a *prima facie* case. *Gary v. State of South Carolina, et al.,* 241 S. C. 266, 127 S. E. (2d) 888.

Petitioner further alleged that the solicitor knowingly used and encouraged false testimony, but he did not allege, however, any supporting facts or circumstances

tending to prove that the solicitor was guilty of any connivance or any other improper conduct. His contention is that with respect to three of the witnesses, with whom he had prior difficulty, the light was insufficient for them to see what they testified they did see, and that, therefore, their testimony was "preposterous, impossible, untrue and obviously prejudicially influenced." The gravamen of his complaint against the solicitor is summed up in the following language:

"Under the circumstances it would be ridiculous for the solicitor, learned in law, to imply that he had no knowledge of the fact that the testimony was prejudiced, false and impossible."

Squarely in point with the facts of this case here, we think, is the decision in the case of *United States ex rel. Sproch v. Ragen,* 7 Cir., 246 F. (2d) 264. In that case the relator alleged, inter alia, "that the state knowingly 'used' perjured testimony." In disposing of the question, the court pointed out that there was no allegation that the use of any perjured testimony occurred by the connivance of the court, counsel, or state's attorney, but that it was stated merely as a conclusion that perjured testimony was used. The court then went on to say:

"All his statements as to perjury [break] down into an assertion that the testimony of these two women was so incredible, so preposterous, as to be unworthy of belief. Obviously, this is merely an attack upon the credibility of the witnesses."

For the foregoing reasons, we conclude there was no error below.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.