**Jesse L. HAYES, Petitioner,**

v.

**Ellis C. MacDOUGALL, Director, Department of Corrections, State of South Carolina, et al., Respondents.**

**Civ. A. No. AC-1582.**

United States District Court
E. D. South Carolina,
Columbia Division.

Dec. 21, 1964.

Jesse L. Hayes, pro se.

Daniel R. McLeod, State Atty. Gen., and Edward B. Latimer, Asst. Atty. Gen., Columbia, for respondents.

HEMPHILL, Chief Judge.

Petitioner, Jesse L. Hayes, alleging he is a pauper, addressed a "Petition for a Writ of Mandamus" to the Chief Judge of the Court of Appeals for the Fourth Circuit, who, treating the petition as one for a Writ of Habeas Corpus, in accordance with 28 U.S.C. § 2241(b), transferred the matter to this Court for appropriate action.

The relevant portion of the petition alleges as follows:

On or about June 16, 1961 your petitioner was convicted for manslaughter in the Court of General Sessions for Spartanburg County, Spartanburg, South Carolina and a sentence of twelve years was imposed. At the conclusion of said trial and conviction my finances were completely exhausted and counsel who conducted my defense informed me that no appeal could be made from my conviction. And immediately thereafter petitioner was committed to the South Carolina State Penitentiary, Columbia, South Carolina.

Soon after being committed to the State Penitentiary your petitioner filed a notice of appeal from my conviction, and petitioned the court of conviction to be furnished with a copy of the transcript of my trial so an appeal could be made to the State Supreme Court as your petitioner was a pauper and unable to pay the cost of the transcript. Said petition was denied on February 2, 1962 by the Honorable Bruce Littlejohn, the trial Judge. An appeal therefrom was taken to the State Supreme Court. The appeal papers were prepared and mailed to the

Clerk of the Supreme Court. However, the Clerk of the Supreme Court did not acknowledge the receipt of the appeal papers, but the Assistant Attorney General, J. C. Coleman, called upon your petitioner at the State Penitentiary and informed petioner that he had my appeal papers and that I would get a hearing if the Supreme Court ruled favorably in a similar case (Robert Lee Johnson v. State). Your petitioner told Mr. Coleman that I was not interested in any other case that I wanted a hearing on the matter of my transcript. Mr. Coleman told me that my papers would be filed. Sometime later Mr. Coleman informed me by letter that the Supreme Court had denied my appeal on the matter of being furnished my trial transcript in forma pauperis so I could not appeal from my conviction.

Since receiving the letter from Mr. Coleman your petitioner has filed ever kind of petition I could think of and which I believed would get the transcript of my trial. I have also written to everyone in the State of South Carolina with the authority to give me the transcript, which were never acknowledged. The transcript was asked for in the original petition for a writ of habeas corpus which this Court heard on appeal (Hayes v. State, 242 S.C. 328, 130 S.E.2d [906] 907 (1963), but whether the matter reached this Court or not I do not know.

On October 12, 1964 this Honorable Court, [Fourth Circuit Court of Appeals], by Memorandum Order, Case No. 9600, denied my appeal to be furnished a copy of the transcript of my trial and conviction in forma pauperis because all state remedies had not been exhausted. That is, because the State Supreme Court had not heard the matter.

In accordance of this Court's Order your petitioner re-filed in the State Supreme Court and requested that the matter be ruled upon. But like all other petitions and correspondences concerning the transcript of my trial, the petition has been ignored and no acknowledgment of the receipt thereof has been received.

The Attorney General's Return noted that "Judge Littlejohn's Order of February 2, 1962 was based on the law that existed at that time," and that Petitioner's "appeal" from this Order was not so effectuated that the South Carolina Supreme Court could properly consider the matter.

The Attorney General of South Carolina further observed "that the United States Supreme Court, reversing prior law, expanded the rights of an indigent to receive a free copy of his trial transcript, in the cases of Draper v. [State of] Washington, 372 U.S. 487 [83 S.Ct. 774, 9 L.Ed.2d 899], and Lane v. Brown, 372 U.S. 477 [83 S.Ct. 768, 9 L.Ed.2d 892] (1963)." He asked that Petitioner "be ordered to file a petition with the Spartanburg County Court of Common Pleas so that the State Court can reconsider the Petitioner's case in light of the recent decisions of the United States Supreme Court."

The Attorney General says that "the South Carolina Supreme Court has never ruled on the question now before the Court concerning the Petitioner's demand for a free copy of his trial transcript. The Petitioner has not exhausted the State Court remedies that are available to him."

This Court agrees with the Attorney General, but, of course, cannot "order" Petitioner to file with the Spartanburg County Court of Common Pleas. However, because available State remedies have not been exhausted, this petition should properly be dismissed.

Respondents will be properly designated as reflected in this Order and the petition is dismissed.

And it is so ordered.