18427

John (Joseph) Thomas TYLER, Appellant, v. The STATE of South Carolina and Ellis C. MacDougall, Director of The South Carolina Department of Corrections, Respondents.

(145 S. E. (2d) 484)

*Robert E. Kneece, Esq.,* of Columbia, *for Appellant.*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer* and *Robert W. Brown, Assistant Attorneys General,* of Columbia, *for Respondents,*

November 30, 1965.

Moss, Justice.

John (Joseph) Thomas Tyler, the petitioner herein, was indicted by the Grand Jury of Richland County at the 1963 September term of the Court of General Sessions and charged with driving and operating an automobile upon one of the public highways of the said county and state on August 6, 1963, while he was under the influence of intoxicating liquor, the same being a thirteenth offense. The indictment set forth the time and place of the previous twelve convictions of the petititoner for driving and operating an automobile while under the influence of intoxicating liquor.

This case was transferred for trial to the Richland County Court, pursuant to Section 15-768 of the 1962 Code. The petitioner was tried and convicted on February 11, 1964 in said County Court and was sentenced to imprisonment for a term of four years which he is now serving in the State Penitentiary. The petitioner had previously been sentenced, on October 3, 1962, in Marion County, South Carolina, upon a plea of guilty for driving and operating an automobile while under the influence of intoxicating liquor, to serve four years or pay a fine of $3,000.00, provided that upon the service of one year or the payment of $800.00, the balance of said sentence was suspended with probation of four years. Upon the petitioner's conviction in the Richland County

Court, the probation sentence herein referred to was revoked and he was ordered to serve the remainder of the original sentence, three years, concurrent with the present sentence. At the trial of the case in the Richland County Court, the petitioner was represented by an attorney retained by him. The record shows that there is now pending an appeal to this Court from the conviction and sentence of the Richland County Court.

The petitioner, with the aid of counsel, other than his original counsel, on September 17, 1964, petitioned the Court of Common Pleas for Richland County for a writ of *habeas corpus* alleging that he was a prisoner in the State Penitentiary and was there illegally imprisoned and restrained of his liberty, in violation of his constitutional rights under the State and Federal Constitutions. He asserts that he was denied due process of law in that he was tried for a thirteenth offense of driving and operating an automobile while under the influence of intoxicating liquor when no such crime exists under the laws of the State of South Carolina. He further asserts that the inclusion in the indictment of a record of twelve previous convictions was improperly before the jury in violation of the rules of evidence relating to previous crimes. It is further asserted that the inclusion in the indictment of the record of previous offenses inflamed and prejudiced the jury against him and improperly placed his character and reputation in issue.

The State, by way of return, alleged that the petitioner was convicted of operating and driving an automobile while under the influence of intoxicating liquor, thirteenth offense, in the Richland County Court on February 11, 1964, and was sentenced to be imprisoned for a term of four years. It was further alleged that the conviction of the petitioner was in accordance with due process of law and that at the time of his trial he was represented by able counsel of his own choosing. The other allegations of the petition were denied.

A hearing on the issue made by the petition and the return of the State was had before the Honorable John Grimball,

Resident Judge of the Fifth Circuit. At the close of the hearing the Trial Judge orally ruled that the petitioner was asking that his conviction be set aside "on grounds all of which should have been taken up at the time of the trial" and if denied by the Trial Judge appealed to the Supreme Court. Thereafter, by order dated December 2, 1964, the petition for the writ of *habeas corpus* was dismissed but the petitioner was granted thirty days from the date of such order to perfect an appeal to this Court from his conviction and sentence. The petitioner has asked this Court to review the order of the lower court and to determine whether such was erroneous.

Under the terms of Section 46-343 of the 1962 Code, it is unlawful for any person who is under the influence of intoxicating liquor to drive an automobile within this State. Section 46-345 of the Code fixes the punishment for the violation of the foregoing section for a fourth or any subsequent offense "[b]y a fine of not less than three thousand dollars or imprisonment for four years, or both."

We have held that the Court of General Sessions was without jurisdiction of a prosecution for a first violation of Section 46-343 because of the punishment which is prescribed. Therefore, the allegation of the indictment that the crime charged was a second or subsequent offense was necessary to show the jurisdiction of the court. *State v. Mitchell,* 220 S. C. 433, 68 S. E. (2d) 350. In the cited case, the general rule taken from 42 C. J. S. Indictment and Information § 145b(1) (a), page 1057, is stated as follows:

"Where, in case of repeated convictions for similar offenses, the statute imposes an additional penalty, it is generally held that an indictment for a subsequent offense should allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute, although failure to do so will not necessarily foreclose the right to sentence accused as a second offender, and also that it is necessary to allege both the present offense and the

previous convictions. While the averment as to prior convictions has been held to relate only to the punishment, and strictly speaking not to charge an offense, it is said in some jurisdictions that it is a portion of the description of the offense. The fact that an averment of his previous conviction may prejudice accused in his current trial cannot override the necessity of making such allegation on the question of a more severe penalty for a subsequent offense, and such an averment is usually regarded as authorized, and not to violate the constitutitonal or statutory rights of accused."

We have also held that an indictment for operating an automobile while under the influence of intoxicating liquor was not subject to a motion to quash upon the ground that the allegation therein of prior offenses was prejudicial in that it put the defendant's character in issue. *State v. Mitchell*, 220 S. C. 433, 68 S. E. (2d) 350, and *State v. Ramey*, 221 S. C. 10, 68 S. E. (2d) 634.

The indictment in this case charges the petitioner with a thirteenth offense of driving an automobile while under the influence of intoxicating liquor. The indictment also sets forth the previous convictions of the petitioner for similar offenses. The alleged irregularities in the indictment of which the petitioner now complains, were apparent on the face thereof. The petitioner did not raise any objection to the indictment at the proper time or in the proper way. The record shows that there was no demurrer to or motion to quash the indictment upon the grounds now asserted by the petitioner in this *habeas corpus* proceeding. Section 17-409 of the 1962 Code provides: "Every objection to an indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards." In *State v. Smith*, 215 S. C. 387, 55 S. E. (2d) 343, the appellant was tried and convicted upon an indictment charging him with driving an automobile while under the influence of intoxicating liquor. He appealed to this Court and asserted that it was error to allege in the indictment that the offense

charged was a second one. This Court held that since the appellant did not demur or move to quash the indictment on the ground that such charged a second offense, he was precluded from raising this question for the first time upon appeal to this Court. *State v. Smith,* 215 S. C. 387, 55 S. E. (2d) 343; *State v. Jacobs,* 238 S. C. 234, 119 S. E. (2d) 735, and *State v. Young,* 243 S. C. 187, 133 S. E. (2d) 210.

In Section 46-349 of the 1962 Code it is provided that in all trials in any court of this State wherein the defendant is charged with the violation of Section 46-343, which forbids the operation of a motor vehicle by one while under the ininfluence of intoxicants, that "the accused may stipulate with the solicitor that the charge constitutes a second or further offense, in which event the indictment shall not contain allegations of prior offenses, nor shall evidence of such prior offenses be introduced." If the petitioner had availed himself of the provisions of the quoted statute and stipulated with the Solicitor that the charge against him constituted a second or further offense, he could have eliminated from the indictment the allegations thereof as to his twelve previous convictions for a violation of Section 46-343 of the Code, and prevented the introduction of evidence showing such prior offenses. This the petitioner did not do.

*Habeas corpus* cannot be used as a substitute for appeal or other remedial procedure for the correction of errors of law of which the defendant had an opportunity to avail himself. Here, the petitioner, upon his trial in the lower court did not avail himself of the statutory remedy that would have prevented the alleged errors of which he now complains. *Habeas corpus* is not now available to the petitioner to correct any alleged errors in the trial before the lower court which resulted in his conviction and commitment to prison. *State v. Garlington,* 56 S. C. 413, 34 S. E. 689; *Babb v. State,* 240 S. C. 235, 125 S. E. (2d) 467, and *Grant v. MacDougall,* 244 S. C. 387, 137 S. E. (2d) 270.

We quote the following from 39 C. J. S. *Habeas Corpus* § 20, at page 465:

"Relief for error or irregularity in the indictment, information or complaint must be had by appeal, writ of error, or other proceedings for review, or by application to the trial court in which the charge is pending. *Habeas corpus* may not be used as a substitute for a demurrer or motion to quash an indictment or information or used in lieu of a writ of error or appeal; on *habeas corpus* the question is not whether the indictment is vulnerable to direct attack by motion or demurrer but whether it is so fatally defective as to deprive the court of jurisdiction."

Every ground now asserted by the petitioner could have been raised in the trial of this case. "Questions which may or should be decided at the trial or reviewed upon appeal or error have no place in a *habeas corpus* proceeding, at least within the period of possibility of an appeal, or where an appeal is pending." 39 C. J. S. *Habeas Corpus* § 15, page 449.

There is another reason why the writ of *habeas corpus* is not available to the petitioner in this proceeding. As is heretofore stated, a probation sentence of the petitioner was revoked and he is now serving such revoked sentence of three years. He has made no attack in this proceeding upon such order of revocation. A favorable decision to the petitioner in this proceeding would not entitle him to his release from custody because he would have to serve the revoked sentence of three years. *Bowers v. State,* 241 S. C. 282, 127 S. E. (2d) 881.

It is our conclusion that the petition for a writ of *habeas corpus* was properly dismissed.

The judgment of the lower Court is affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.