495 S.E.2d 426

**David H. GIBSON and Donnie R. Gibson, Appellants,**

v.

**The STATE, Respondent.**

**No. 24737.**

Supreme Court of South Carolina.

Heard Nov. 7, 1996.

Decided Jan. 12, 1998.

38

Assistant Appellate Defender M. Anne Pearce, of S.C. Office of Appellate Defense, Columbia, for appellants.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby, Assistant Attorney General Allen Bullard, Columbia, for respondent.

BURNETT, Justice:

Appellants appeal the trial court's summary dismissal of their petitions for writs of habeas corpus claiming they should have been granted a hearing on the petitions. We reverse and remand.

## *FACTS*

On July 23, 1976, appellants were convicted of murder and were sentenced to confinement for life. They did not appeal their convictions.

On August 21, 1995, appellants filed petitions for writs of habeas corpus, *pro se*, alleging previous post-conviction relief (PCR) applications were denied, the allegations contained in this habeas petition were not presented at PCR, and habeas corpus is their only avenue of redress. In the petitions, appellants claim they were denied a fair trial because the trial court gave an erroneous presumption of malice jury instruction which impermissibly shifted the burden of proof from the prosecution to them.

The trial judge dismissed these petitions on September 1, 1995, without holding a hearing to determine the sufficiency of the allegations. In his Order, the trial judge found appellants' claims should have been addressed on direct appeal or in a PCR hearing, and habeas corpus was not a substitute for these remedies. We granted appellants' petitions for certiorari.

## ISSUE

Did the trial court err in summarily dismissing appellants' petitions for writs of habeas corpus?

## DISCUSSION

The purpose of habeas corpus is to test the legality of the prisoner's present detention. *McCall v. State,* 247 S.C. 15, 145 S.E.2d 419 (1965). The only remedy that can be granted is release from custody. *Id.*

A habeas corpus petition must support the requested relief. *Hunter v. State,* 316 S.C. 105, 447 S.E.2d 203 (1994). Although the allegations in the petition are to be treated as true, *Tillman v. Manning,* 241 S.C. 221, 127 S.E.2d 721 (1962), the petition must make out a prima facie case showing petitioner is entitled to relief. *Welch v. MacDougall,* 246 S.C. 258, 143 S.E.2d 455 (1965); *Crosby v. State,* 241 S.C. 40, 126 S.E.2d 843 (1962). Petitioner must present sufficient factual allegations to support the petition. *Hayes v. State,* 242 S.C. 328, 130 S.E.2d 906 (1963). It must allege petitioner has exhausted all other remedies, and it must set out a constitutional claim that meets the standard delineated in *Butler v. State,* 302 S.C. 466, 397 S.E.2d 87, *cert. denied,* 498 U.S. 972, 111 S.Ct. 442, 112 L.Ed.2d 425 (1990).[1] If the petition, on its face, meets these requirements, petitioner is entitled to a hearing.

The availability of habeas corpus has been severely limited by the Uniform Post Conviction Procedure Act, S.C.Code Ann. §§ 17–27–10 to 17–27–120 (Law. Co-op.1976 &

---

1. Not every constitutional error at trial will justify issuance of a writ of habeas corpus. *Butler, supra.* This writ will only issue when there has been a "violation, which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice." *Id.*

Supp.1995) (Act). The Act "takes the place of all other common law, statutory or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them." S.C.Code Ann. § 17–27–20(b) (1976). Thus, this Act supersedes and encompasses the habeas corpus procedure provided by statute. *See* S.C.Code Ann. §§ 17–17–10 to 17–17–200 (Law.Co-op.1976). However, habeas corpus continues to be available as a constitutional remedy provided a petitioner qualifies for this extraordinary relief and clears the procedural hurdles. *See* S.C. Const. art. 1, § 18; *Baskins v. Moore,* 362 F.Supp. 187 (D.S.C.1973) (finding the Act is a procedural device and does not supplant the constitutional right to seek habeas corpus nor does it unconstitutionally suspend that right).

 Habeas corpus is available only when other remedies, such as PCR, are inadequate or unavailable. *See Baskins v. Moore,* 362 F.Supp. 187, 192 n. 5 (D.S.C.1973); *Stirone v. Markley,* 345 F.2d 473 (7th Cir.), *cert. denied,* 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965); *Leichtman v. Singletary,* 674 So.2d 889 (Fla.Ct.App.1996) (PCR procedure supersedes habeas corpus so long as PCR is adequate to test legality of detention); *Wiglesworth v. Wyrick,* 531 S.W.2d 713 (Mo.Sup. Ct.1976) (PCR rule encompasses the habeas corpus relief sought by petitioner, and the claim should be brought under the PCR procedures); 18 Am.Jur.2d, *Coram Nobis* § 46 (1985). The Act is broadly inclusive and will rarely be inadequate or unavailable to test the legality of the detention. A habeas corpus petition may be treated as a PCR application. *Hunter v. State, supra* (construing a habeas corpus petition as a PCR application).

 A petitioner may allege constitutional violations in PCR proceedings, *see* S.C.Code Ann. § 17–27–20(a)(1) (1976), unless the issue could have been raised by direct appeal. *See Simmons v. State,* 264 S.C. 417, 215 S.E.2d 883 (1975); S.C.Code Ann. § 17–27–20(b) (1976). A violation found to be unconstitutional after the time for appeal lapses is not a direct appeal issue and is not barred from PCR consideration. *See Twitty v. Maass,* 96 Or.App. 631, 773 P.2d 1336 (1989) (PCR proceeding is proper forum for claim based on change in constitutional law between time of direct appeal and PCR

application; therefore, habeas corpus relief was not available). However, a petitioner who does not raise an issue which could have been raised in a prior PCR hearing will waive his right to raise this issue in a subsequent application. *See* S.C.Code Ann. § 17–27–90 (1976).

Procedurally, a petitioner seeking habeas corpus must first exhaust all available PCR remedies. *Pennington v. State*, 312 S.C. 436, 441 S.E.2d 315 (1994). Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review. Further, petitioner must allege sufficient facts to show why other remedies, such as PCR, are unavailable or inadequate.

The petitions herein do not satisfy these requirements. The petitions contain no allegation that PCR remedies have been exhausted nor any factual justification why other remedies, such as PCR, were unavailable or inadequate; thus, petitioners fail to allege sufficient facts entitling them to a habeas corpus hearing. Therefore, these petitions should be treated as PCR applications.

Because petitioners are attempting to raise an issue not raised in their prior PCR applications, we remand to the lower court so that petitioners may have the opportunity to show why their applications should not be dismissed as successive. Petitioners will bear the burden to prove a sufficient reason why the present claims were not raised in their previous applications. *Aice v. State*, 305 S.C. 448, 409 S.E.2d 392 (1991). If they are unable to meet their burden of proof, the applications may be dismissed as successive. Further, if petitioners can show upon remand that PCR is unavailable, all other remedies have been exhausted, and the issues raised now could not have been raised in their prior PCR applications, the lower court may treat the applications as habeas petitions and provide a hearing on their constitutional claim.

**REVERSED AND REMANDED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.