495 S.E.2d 429

Jack SIMPSON, # 168120, Appellant,

v.

STATE of South Carolina, Attorney General, Warden Ricky Harrison, Respondents.

No. 24738.

Supreme Court of South Carolina.

Heard Jan. 22, 1997.

Decided Jan. 12, 1998.

Assistant Appellate Defender Lisa T. Gregory of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Barbara M. Tiffin, Columbia, for respondents.

PER CURIAM:

Appellant Jack Simpson pled guilty to second degree arson and entered guilty but mentally ill pleas, pursuant to *North Carolina v. Alford*,[1] to first degree burglary, assault with intent to kill, and possession of a weapon during the commission of a violent crime. Appellant did not appeal his pleas.

Thereafter, appellant filed an application for post-conviction relief (PCR). The PCR judge granted the application and vacated appellant's burglary conviction. The State appealed, and this Court reversed. *Simpson v. State*, 317 S.C. 506, 455 S.E.2d 175 (1995).

Appellant next filed a petition for a writ of habeas corpus in this Court's original jurisdiction which was dismissed pursuant to *Key v. Currie*.[2] Appellant then filed a petition for a writ of habeas corpus in the circuit court. The circuit court judge granted the State's motion to dismiss the petition on the ground that habeas corpus may not be used as a substitute for an action under the Uniform Post–Conviction Procedure Act. Appellant asserts the ruling of the circuit judge was erroneous. We disagree.

At common law, the writ of habeas corpus was available after conviction only to attack the jurisdiction of the court that had imposed sentence. The rule was stated as follows:

It is fundamental that habeas corpus is a collateral remedy, subject to the limitations common to collateral proceedings, and calls in question only the jurisdiction of the court whose

---

**1.** 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**2.** 305 S.C. 115, 406 S.E.2d 356 (1991).

judgment is challenged. It is only when a judgment of conviction or sentence imposed is void, and not merely voidable, that relief may be had by habeas corpus.... And the jurisdiction of a court to render a particular judgment or impose a particular sentence may be a proper subject of inquiry on habeas corpus. Where, for example, it appears upon the face of the record that a court having jurisdiction both of the person and of the subject-matter has imposed an excessive sentence, that is, one by which a greater punishment is inflicted than the maximum allowed by law, and where it further appears that the prisoner, at the time of his application for habeas corpus, has served out the maximum term of imprisonment to which the court had power to sentence him, according to the prevailing rule and the better doctrine, so much of such sentence as is excessive will be declared void, and the prisoner discharged on habeas corpus.

*Ex Parte Klugh,* 132 S.C. 199, 128 S.E. 882 (1925) (citations omitted). The use of the writ to inquire into the legality of a conviction was, however, greatly expanded in this State in the late 1950's and 1960's, apparently in response to decisions of the United States Supreme Court related to whether state procedures for providing relief for violations of constitutional rights were adequate to meet the exhaustion requirement for federal habeas corpus. *See Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); *Young v. Ragen,* 337 U.S. 235, 69 S.Ct. 1073, 93 L.Ed. 1333 (1949). *See also Case v. Nebraska,* 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965). In South Carolina, the number of reported opinions in appeals in habeas matters increased from approximately fourteen in the twenty years from 1930 to 1950 to approximately 70 in the years from 1950 to 1970.

In 1966, the Commissioners on Uniform State Laws promulgated the Uniform Post–Conviction Procedure Act (Uniform Act). The Comment to the Uniform Act states that the Uniform Act was written, in part, "to bring together and consolidate into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and [appellate] review, which are at present available for challenging the validity of a sentence of imprisonment." *Uniform*

*Post–Conviction Procedure Act (1966)* (U.L.A.) § 1 Comment. The Uniform Act encompassed the relief available under the common law writ of habeas corpus, the relief available under the expansion of the writ, and the relief available by collateral attack under any common law, statutory or other writ, motion, petition, proceeding, or remedy. *Id.* § 1(a)(6). South Carolina adopted its version of the Uniform Act in 1969. S.C.Code Ann. § 17–27–10 to –120 [3] (the Act).

Section 17–27–20(b) states that the Act "comprehends and takes the place of all other common law, statutory or other remedies heretofore available for challenging the validity of the conviction or sentence," and provides the Act "shall be used exclusively in place of them." We acknowledge we have stated that habeas corpus is available once the petitioner has exhausted all post-conviction remedies. *Hunter v. State,* 316 S.C. 105, 447 S.E.2d 203 (1994); *Pennington v. State,* 312 S.C. 436, 441 S.E.2d 315 (1994); *Slack v. State,* 311 S.C. 415, 429 S.E.2d 801 (1993). In *Tyler v. State,* 247 S.C. 34, 145 S.E.2d 434 (1965), however, this Court stated that habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors for which a criminal defendant had an opportunity to avail himself. Because we believe the rule in *Tyler* is the appropriate rule, we now hold that a matter which is cognizable under the Act may not be raised by a petition for a writ of habeas corpus before the circuit or other lower courts.[4] *See Gibson v. State,* 329 S.C. 37, 495 S.E.2d 426 (1998).

We are not unaware of art. 1, § 18 of the South Carolina Constitution which states that the writ of habeas corpus may not be suspended except when, in case of insurrection, rebel-

---

**3.** The Uniform Post–Conviction Procedure Act has since been amended in ways not relevant to this appeal.

**4.** Under art. 5, § 5 of the South Carolina Constitution, this Court retains the ability to entertain writs of habeas corpus in our original jurisdiction and grant relief in those unusual instances where "there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice." *Butler v. State,* 302 S.C. 466, 397 S.E.2d 87 (1990); *see also Simmons v. State,* 322 S.C. 49, 471 S.E.2d 455 (1993); *Key v. Currie, supra* (this Court will exercise its original jurisdiction where there is an extraordinary reason such as a question of significant public interest or an emergency).

lion or invasion, the public safety may require it. However, our action today does not suspend the writ, but merely curtails its use to those situations where the Act would not be applicable. *Tyler v. State, supra.*

In this case, the allegations raised in appellant's habeas corpus petition clearly are cognizable under the Uniform Act. Accordingly, the PCR judge properly dismissed the petition.

AFFIRMED.