500 S.E.2d 123

**James Morgan KEELER, Respondent,**

v.

**Hal MAUNEY, Warden, Appellant.**

**No. 2817.**

Court of Appeals of South Carolina.

Submitted Feb. 3, 1998.

Decided March 30, 1998.

Rehearing Denied June 18, 1998.

John D. Elliott; and William T. Toal, of Johnson, Toal & Battiste, Columbia, for respondent.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox and Assistant Attorney General Matthew M. McGuire, of Office of the Attorney General, Columbia, for appellant.

HOWARD, Judge:

James Morgan Keeler was convicted of murder in 1981 and sentenced to life imprisonment. He petitioned the circuit court for a writ of habeas corpus. The circuit court granted Keeler habeas corpus relief on the ground that the trial judge's jury charge unconstitutionally shifted the burden of proof to the defendant by instructing the jury that the law implies malice from the use of a deadly weapon. The State appeals. We reverse and remand.[1]

In 1983, Keeler filed an application for post conviction relief (PCR). He did not allege error in the malice charge. His PCR application was denied.

In 1995, Keeler filed this habeas corpus petition in the circuit court. The State contends the circuit court erred in granting the writ of habeas corpus. It argues Keeler was procedurally barred from raising the malice charge issue in a habeas corpus petition because he could have raised the issue in his PCR application. We agree.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Our Supreme Court recently addressed this issue in *Gibson v. State*, 329 S.C. 37, 495 S.E.2d 426 (1998) and *Simpson v. State*, 329 S.C. 43, 495 S.E.2d 429 (1998).[2]

In *Gibson*, the appellants petitioned for writs of habeas corpus based on an alleged error which they had not raised in their prior PCR applications. The Supreme Court preliminarily determined that the petitions must be treated as PCR applications due to deficiencies in the petitions. The case was remanded to determine if the applications should be dismissed as successive. The Supreme Court held that the lower court could treat the applications as habeas corpus petitions and provide the appellants with a hearing on the merits only if the appellants "can show upon remand that PCR is unavailable, all other remedies have been exhausted, and *the issues raised now could not have been raised in their prior PCR applications.*" *Gibson*, 329 S.C. at 42, 495 S.E.2d at 429 (emphasis added).

In *Simpson*, the circuit court dismissed the appellant's habeas corpus petition on the ground that a petition for a writ of habeas corpus cannot be used as a substitute for an action under the Uniform Post–Conviction Procedure Act (the Act), S.C.Code Ann. §§ 17–27–10 to 160 (1985 & Supp.1997). The Supreme Court agreed, holding "that a matter which is cognizable under the Act may not be raised by a petition for a writ of habeas corpus before the circuit or other lower courts." *Simpson*, 329 S.C. at 46, 495 S.E.2d at 431. However, the Supreme Court expressly reserved the "ability to entertain writs of habeas corpus in [its] original jurisdiction [under article V, section 5 of the South Carolina Constitution] and

---

**2.** *Gibson* and *Simpson* were decided after the circuit court granted Keeler's habeas corpus petition and after the parties submitted briefs in this case. Even though the State did not have the benefit of *Gibson* and *Simpson* when writing its brief, it nonetheless argued that Keeler's habeas corpus petition was procedurally barred for failure to raise the malice charge issue in his PCR application. Therefore, this issue is properly before this Court to address.

Furthermore, we apply *Gibson* and *Simpson* retroactively to Keeler's case. The Supreme Court implicitly required retroactive application of the new rules by applying them to the parties in *Gibson* and *Simpson*. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (If a rule is applied to the parties in a case on appeal, the rule must then be applied retroactively in all subsequent cases for reasons of equality and *stare decisis*.).

grant relief in those unusual instances where 'there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice.'" *Id.* at 46 n. 4, 495 S.E.2d at 431 n. 4.

■ The import of the holdings in *Gibson* and *Simpson* is clear. A person is procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application. Furthermore, if a person is procedurally barred, his only means of obtaining state habeas corpus relief is to file a petition in the original jurisdiction of the Supreme Court. S.C. Const. Art. V, § 5.

Therefore, in Keeler's case we must decide if the malice change issue could have been raised in a PCR application.

■ Keeler alleges that the malice charge given to the jury in his trial was unconstitutional because it raised an impermissible presumption and shifted the burden of proof to the defense on the element of malice. This claim is obviously cognizable under the Act because Keeler is alleging that he was convicted in violation of the constitution.[3] S.C.Code Ann. § 17–27–20(a)(1) (1985). However, Keeler argues that he could not have raised this issue when he filed his PCR application because the Supreme Court of South Carolina had not yet recognized the unconstitutionality of presumptive jury charges. This argument has no merit.

In 1979, the United States Supreme Court held that a jury instruction in a criminal case creating a conclusive presumption or burden shifting presumption is unconstitutional because it deprives a defendant of due process of law by not requiring the government to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The holding in *Sandstrom* clearly encompasses the alleged error Keeler now asserts in his petition for a writ of habeas corpus. Keeler's counsel admits as much by stating in

---

**3.** It is not clear whether Keeler relies upon the federal or state constitution, or both.

his final brief on appeal: "Keeler's petition for habeas corpus alleged that he was entitled to relief because of the extraordinary recalcitrance of the Supreme Court of South Carolina in failing to follow the dictates of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)."

Whether the Supreme Court of South Carolina failed to recognize the unconstitutionality of presumptive jury charges as mandated by *Sandstrom* is irrelevant to the issue of whether Keeler could have raised the issue in his PCR application. The Constitution of the United States "shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding." U.S. Const. Art. VI. The due process clause of Fourteenth Amendment to the Constitution of the United States protects citizens against state action. When the United States Supreme Court enunciates a rule based upon the Fourteenth Amendment, that rule is binding upon state courts through the Supremacy Clause. *Henry v. City of Rock Hill*, 376 U.S. 776, 84 S.Ct. 1042, 12 L.Ed.2d 79 (1964) (per curiam). The United States Supreme Court decided *Sandstrom* two years before Keeler's trial and four years before his PCR application. Regardless of whether the Supreme Court of South Carolina recognized the rule in *Sandstrom*, Keeler had a claim for relief under the federal constitution. Nothing prevented him from raising the malice charge issue in his PCR application.

Since Keeler could have raised his claim of an unconstitutional malice charge in his 1983 PCR application, his petition to the circuit court for a writ of habeas corpus was procedurally barred. We therefore reverse the circuit court's grant of the writ of habeas corpus and remand to the circuit court for dismissal of Keeler's petition.

**REVERSED and REMANDED.**

ANDERSON and HUFF, JJ., concur.