THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Gregory Tyrone Moore,       
Appellant,
 
 
 

v.

 
 
 
State of South Carolina,       
Respondent.
 
 
 

Appeal From Greenwood County
Gary E. Clary, Circuit Court Judge

Unpublished Opinion No. 2003-UP-106
Submitted November 20, 2002 - Filed 
 February 5, 2003 

AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia; 
 for Appellant
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, 
 Jr., of Columbia; for Respondent(s).
 
 
 

 PER CURIAM:  Gregory Tyrone 
 Moore appeals the denial of his petition for a writ of habeas corpus.  The circuit 
 court dismissed the petition without an evidentiary hearing, finding the petition 
 did not sufficiently request habeas relief.  We affirm in part, reverse in part, 
 and remand.
FACTS
On December 10, 1997, Moore was tried 
 by a jury and convicted of second-degree burglary and petit larceny.  The charges 
 arose out of an incident where Moore broke into a federal building and stole 
 two videocassette recorders. The next day, the judge sentenced Moore 
 to fifteen years imprisonment for second-degree burglary and thirty days for 
 petit larceny.  
Later in the day, Moore pleaded guilty to seven 
 counts of second-degree burglary, two counts of grand larceny, and five counts 
 of petit larceny.  Pursuant to a plea agreement, the State recommended 
 that Moores sentences for these offenses be served concurrently with the fifteen-year 
 sentence he received earlier in the day for his convictions.  At the time of 
 the plea, Moore was on probation for charges of second-degree burglary and third-degree 
 burglary.  The judge sentenced Moore to fifteen years imprisonment on each second-degree 
 burglary charge, five years for each charge of grand larceny, and thirty days 
 for each charge of petit larceny.  The judge also revoked Moores probation.  
 All of the sentences were to be served concurrently with the sentence Moore 
 received after his jury trial convictions.  The judge instructed Moore that 
 a reversal of his convictions on appeal would have no impact on the concurrent 
 sentences he received for pleading guilty.  Moore and his counsel acknowledged 
 the judges decision. 
 On February 22, 2000, Moore filed a 
 petition for a writ of habeas corpus in the Greenwood County Court of Common 
 Pleas.  In his petition, he asserted the State was without jurisdiction to continue 
 his incarceration because he had completed his sentence that was based on the 
 plea agreement.  Specifically, Moore contended he had served his sentence when 
 this Court reversed his conviction for second-degree burglary.   In an unpublished 
 opinion, this Court reversed Moores second-degree burglary conviction involving 
 the federal building.  State v. Moore, Op. No. 99-UP-137 (S.C. Ct. App. 
 filed Mar. 4, 1999).  
On April 2, 2000, the circuit court 
 approved Moores request to proceed in forma pauperis.  The State 
 filed a Return and moved to dismiss the petition on May 8, 2001.
By order dated May 14, 2001, and filed 
 June 7, 2001, the circuit court dismissed the petition, finding Moore had failed 
 to sufficiently allege:  1) he had exhausted all available post-conviction relief 
 (PCR) remedies; and 2) other remedies such as PCR were inadequate.  The 
 court found Moores claim was cognizable under the Uniform Post-Conviction Procedure 
 Act. S.C. Code Ann. §§ 17-27-10 to 17-27-160 (1985 & Supp. 2002). 
On June 15, 2001, Moores counsel 
 filed a motion for reconsideration.  Counsel contended the court erred in summarily 
 dismissing the petition for a writ of habeas corpus given the Attorney Generals 
 office failed to serve its Return and motion to dismiss on either Moore or his 
 counsel.  Counsel contended she had been appointed to represent Moore in April 
 of 2000.  As such, she should have been served and given the opportunity to 
 challenge the States motion to dismiss. Secondly, counsel argued the court 
 should have treated Moores petition as one for PCR rather than summarily dismissing 
 it as an insufficient petition for habeas corpus.  Counsel requested the court 
 rescind its order of dismissal and address the petition as a PCR action.
Without a hearing, the court denied 
 the motion by order dated June 28, 2001, and filed on July 3, 2001.  Moore appeals.
DISCUSSION
Moore argues the circuit court erred in dismissing 
 his petition for a writ of habeas corpus rather than treating it as an application 
 for post-conviction relief.  Furthermore, he contends the States failure to 
 timely notify his counsel regarding the Return and the motion to dismiss was 
 prejudicial and essentially constituted a complete denial of counsel.  Based 
 on these errors, Moore asserts he is entitled to a full evidentiary hearing 
 on his petition for a writ of habeas corpus, with the benefit of counsel, and 
 he is entitled to have his pro se writ construed as an application 
 for PCR.  
 Although the allegations in a petition for a 
 writ of habeas corpus are considered true, the petition must make out a prima 
 facie case before the petitioner is entitled to a hearing.  Gibson v. State, 
 329 S.C. 37, 495 S.E.2d 426 (1998).  The petition must allege the following:  
 (1) all available PCR remedies have been exhausted including an application, 
 an order and appellate review or its waiver, and (2) sufficient facts to show 
 why other remedies are unavailable or inadequate.  Simpson v. State, 
 329 S.C. 43, 495 S.E.2d 429 (1998) (holding a matter which is cognizable under 
 the Uniform Post-Conviction Procedure Act may not be raised by a petition for 
 a writ of habeas corpus before the circuit or other lower courts); Keeler 
 v. Mauney, 330 S.C. 568, 500 S.E.2d 123 (Ct. App. 1998) (holding petition 
 for a writ of habeas corpus is procedurally barred if the issue could have been 
 raised in a PCR application); see Tyler v. State, 247 S.C. 34, 
 145 S.E.2d 434 (1965) (concluding habeas corpus cannot be used as substitute 
 for PCR).  Moore failed to allege these requirements in his petition.  As such, 
 the circuit court correctly dismissed Moores petition for insufficiently requesting 
 habeas relief.
The question then becomes whether the circuit 
 court erred in failing to construe Moores petition as a PCR application.  See 
 Gibson, 329 S.C. at 41, 495 S.E.2d at 428 (holding where appellants 
 petitions for a writ of habeas corpus contained no allegations that PCR remedies 
 had been exhausted nor any other factual justification why other remedies were 
 unavailable or inadequate, the appellants failed to allege sufficient facts 
 entitling them to a habeas corpus hearing, thus, petitions should have been 
 treated as PCR applications by the circuit court); Lakes v. State, 333 
 S.C. 382, 385, 510 S.E.2d 228, 230 (Ct. App. 1998) (If a habeas corpus petition 
 does not satisfy the procedural requirements or allege sufficient facts to justify 
 a habeas corpus hearing, the petition may be treated as a PCR application.).   

Moores sentencing challenge is a cognizable claim to be 
 raised in a PCR application.  See S.C. Code Ann. § 17-27-20(a)(5) (1985) 
 (providing that [a]ny person who has been convicted of, or sentenced for, a 
 crime and who claims that his sentence has expired . . . may institute a proceeding 
 for post-conviction relief); Al-Shabazz v. State, 338 S.C. 354, 368, 
 527 S.E.2d 742, 749 (2000) (holding post-conviction relief is a proper avenue 
 for a claim that an applicants sentence has expired pursuant to S.C. Code 
 Ann. § 17-27-20(a)(5)).  
Because there is no evidence in the 
 record that Moore has had an opportunity to raise this issue in a PCR application, 
 we remand the case to provide Moore an opportunity to show whether his application 
 is not successive and whether his claim is meritorious.  Gibson, 329 
 S.C. at 42, 495 S.E.2d at 428-29.
Accordingly, the decision of the circuit court 
 is
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 CURETON, CONNOR, and STILWELL, JJ., concur.