THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Coleman Ellerbe,       
Appellant,
 
 
 

v.

 
 
 
State of South Carolina,       
Respondent.
 
 
 

Appeal From Marlboro County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-644
Submitted December 1, 2004  Filed December 
 21, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, Office of Appellate 
 Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Assistant Attorney General Christopher L. Newton, all of Columbia, for Respondent.
 
 
 

 PER CURIAM:  Coleman Ellerbe appeals 
 the dismissal of his petition for a writ of habeas corpus, arguing that, since 
 his petition failed to expressly allege he exhausted all state administrative 
 remedies, the circuit court was required to treat the petition as an application 
 for post-conviction relief (PCR).  We affirm. 
 [1] 
FACTS
In September 1988, Appellant pled 
 guilty to murder and was sentenced to life imprisonment.  In 1995, Appellant 
 filed an application for PCR.  Following a hearing in March 1996, the application 
 was dismissed.  In 1999, Appellant filed a petition for a writ of habeas corpus 
 in the circuit court, claiming his trial attorney induced him into pleading 
 guilty by promising him a reduction in his sentence due to the absence of a 
 prior criminal record.  
The circuit court dismissed Appellants 
 petition on two grounds. First, the court concluded that, because Appellant 
 failed to allege he had exhausted all available PCR remedies, the petition was 
 improper.  Second, the court found Appellants claims were cognizable 
 under the Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 
 to 120 (2003), and thus may not be raised in a petition for habeas corpus.  
 This appeal followed.
LAW / ANALYSIS
Upon enactment in 1966, the Uniform Post 
 Conviction Procedure Act largely superseded and encompassed the habeas corpus 
 procedure provided by statute.  See S.C. Code Ann. §§ 17-27-10 to 120 
 (2003); Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998).  
 Although habeas corpus continues to be available as a constitutional remedy, 
 it is available only when other remedies, such as PCR, are inadequate or unavailable.  
 See S.C. Const. art. 1, § 18; Gibson, 329 S.C. at 41, 495 S.E.2d 
 at 428.  As such, a matter which is cognizable under the Act may not be raised 
 by a petition for a writ of habeas corpus before the circuit or other lower 
 courts.  Simpson v. State, 329 S.C. 43, 46, 495 S.E.2d 429, 431 (1998).  
 Furthermore, the Act is broadly inclusive and will rarely be inadequate or 
 unavailable to test the legality of [a] detention.  Gibson, 329 S.C. 
 at 41, 495 S.E.2d at 428; see also Simpson, 329 S.C. at 
 45-47, 495 S.E.2d at 430-31.
Because Appellants petition alleges that 
 he was convicted in violation of the constitution, his claim is obviously cognizable 
 under the Act; thus, Appellant is procedurally barred from petitioning the circuit 
 court for a writ of habeas corpus.  See S.C. Code Ann. § 17-27-20(a)(1) 
 (2003); Keeler v. Mauney, 330 S.C. 568, 571, 500 S.E.2d 123, 124 (Ct. 
 App. 1998).  If a person is procedurally barred, his only means of obtaining 
 state habeas corpus relief is to file a petition in the original jurisdiction 
 of the Supreme Court.  Keeler, 330 S.C. at 571, 500 S.E.2d at 124.  
 The trial court properly dismissed Appellants petition on this ground.
Appellant correctly asserts that if a 
 petition for a writ of habeas corpus fails to allege that PCR remedies are unavailable, 
 inadequate, or have previously been exhausted, the petition should be treated 
 as a PCR application.  Gibson, 329 S.C. at 42, 495 S.E.2d at 428.   In 
 his petition, Appellant mentioned, albeit vaguely, the dismissal of his previous 
 PCR application.  Thus, the trial courts determination that Appellant had not 
 alleged exhaustion of available PCR remedies could be construed as an erroneous 
 finding.  However, as stated above, the trial court dismissed the petition on 
 proper grounds in its additional ruling.  Moreover, had the action been treated 
 as a PCR application, as Appellant now requests, it would have been similarly 
 dismissed as time barred pursuant to the PCR statute of limitations.  See 
 S.C. Code Ann. § 17-27-45(A) (2003).
For the foregoing reasons, the trial courts 
 ruling is
 AFFIRMED.
HEARN, CJ., GOOLSBY and WILLIAMS, JJ., 
 concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.