THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON 
 AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Rodney T. Arnold,       
Appellant,
 
 
 

v.

 
 
 
State of South Carolina,       
Respondent.
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2005-UP-066
Submitted January 1, 2005  Filed January 
 25, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott 
 and Assistant Attorney General Christopher L. Newton, all of Columbia, for Respondents.
 
 
 

PER CURIAM:  Rodney Arnold filed a petition 
 for a writ of habeas corpus.  The trial court dismissed the petition, holding 
 the allegations raised by Arnold could not be raised in a petition for habeas 
 corpus since they were cognizable under the Uniform Post Conviction Procedure 
 Act, S.C. Code Ann. §§ 17-27-10 to -160 (2003).  Arnold argues on appeal he 
 is entitled to seek relief through habeas corpus because he could not now 
 raise the issues in post-conviction relief proceedings since he had already 
 been through post-conviction relief proceedings and any future applications 
 under the act would be treated as successive and since he would also be barred 
 by the statute of limitations contained in the act.  Arnold does not claim that 
 the issues he now wishes to raise could not have been raised before in a post-conviction 
 relief application. We affirm [1] pursuant to Rule 220(b)(2), SCACR and the following 
 authorities:  Gibson v. State, 329 S.C. 37, 42, 495 S.E.2d 426, 429 (1998) 
 (holding the trial court could entertain a habeas corpus petition if, among 
 other things, the applicant could show that the issues raised now could not 
 have been raised in their [sic] prior PCR applications; Simpson v. State, 
 329 S.C. 43, 46, 495 S.E.2d 429, 431 (1998) (holding a matter which is cognizable 
 under the Act may not be raised by a petition for a writ of habeas corpus before 
 the circuit or other lower courts); Keeler v. Mauney, 330 S.C. 568, 
 571, 500 S.E.2d 123, 124 (Ct. App. 1998) (holding if [a] person is procedurally 
 barred from petitioning the circuit court for a writ of habeas corpus where 
 the matter alleged is one which could have been raised in a PCR application 
 . . . his only means of obtaining state habeas corpus relief is to file a petition 
 in the original jurisdiction of the Supreme Court).
AFFIRMED.
HEARN, C.J., and GOOLSBY and WILLIAMS, JJ. concur.  
 

 
 
 [1]   Because oral argument would not aid the court in resolving the issues 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.