THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Raphael Suber, Appellant,
 v.
 State of South Carolina, Respondent.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2007-UP-327
 Submitted June 1, 2007  Filed June 18,
 2007    

AFFIRMED

 
 
 
 Raphael M. Suber, of Ridgeville, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Karen Ratigan, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Raphael
 Suber filed a habeas corpus petition in Greenville County.  The lower court
 dismissed Subers petition, and this appeal follows.  We affirm.  
FACTS
Raphael Suber was indicted for possession
 with intent to distribute crack cocaine within the proximity of a school,
 trafficking crack cocaine, and possession of a weapon during the commission of
 a violent crime.  Suber pled guilty to trafficking crack cocaine and possession
 of a firearm during the commission of a violent crime and received concurrent
 imprisonment terms of twenty five and five years respectively for the offenses.  
Suber
 did not appeal his sentence but filed an application for post conviction relief
 (PCR) in Greenville County.  In the application, Suber alleged ineffective
 assistance of counsel and that his plea was not voluntary.  Following an
 evidentiary hearing, the lower court dismissed Subers application.  Subsequently,
 Suber appealed this dismissal by filing a writ of certiorari with the South
 Carolina Supreme Court, which was denied.  Approximately three years later,
 Suber filed a habeas corpus petition in a Greenville County court.  The lower
 court dismissed the habeas petition.  This appeal follows.   
LAW/ANALYSIS 
The function of a habeas
 corpus writ is to test the legality of a prisoners imprisonment.  Gibson v.
 State, 329 S.C. 37, 40, 495 S.E.2d 426, 427 (1998).  Habeas corpus is
 obtainable only if other remedies, such as PCR, are inadequate or unavailable.  Id.  at 41, 495 S.E.2d at 428.  Any matter which is recognizable under
 the Uniform Post Conviction Act[1] (the Act) must be raised in a PCR application and may not be raised in a habeas
 petition.  Simpson v. State, 329 S.C. 43, 46, 495 S.E.2d 429, 431
 (1998).   
Thus,
 an individual is procedurally barred from relying on a habeas petition when the
 matter alleged is such that it could have been raised in a PCR proceeding.  Keeler
 v. Mauney, 330 S.C. 568, 571, 500 S.E.2d 123, 124 (Ct. App. 1998). 
 Consequently, if an individual is procedurally barred, his or her only remedy
 lies in filing the habeas petition with the South Carolina Supreme Court.  Id.
On appeal, Suber
 states the lower court erred in denying habeas relief because his trial counsel
 was ineffective.[2] 
 However, ineffectiveness of counsel is an issue that can only be asserted in
 proceedings under the Act.  State v. Kornahrens, 290 S.C. 281, 287, 350
 S.E.2d 180, 184 (1986).  Therefore, Suber is procedurally barred from filing a
 writ of habeas corpus in the lower court. 
CONCLUSION
Accordingly,
 the lower courts decision is 
AFFIRMED.[3]  
STILWELL,
 SHORT, and WILLIAMS, JJ., concur. 
 

[1] S.C. Code Ann. §§ 17-27-10 to 17-27-160 (2003). 
[2] As grounds for relief in his habeas petition to the
 lower court, Suber argued the lower court lacked subject matter jurisdiction to
 accept his guilty plea and ineffective assistance of counsel.  However, on
 appeal Suber assigns error only to the ineffective assistance claim and does
 not assert the subject matter claim.  Because the subject matter issue was not
 appealed we do not address it.  State v. Baccus, 367 S.C. 41, 50, 625
 S.E.2d 216, 221 (2006) (issues not argued in the briefs are deemed abandoned). 
[3] We decide this case without oral argument pursuant to
 Rule 215, SCACR.