THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Eric A. Graham, Appellant,
 v.
 State, Respondent.
 
 
 

Appeal from Darlington County
 Paul M. Burch, Circuit Court Judge
Unpublished Opinion No.  2008-UP-498
Submitted September 2, 2008  Filed
 September 5, 2008
AFFIRMED

 
 
 
 Eric A. Graham, pro se Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Karen C. Ratigan, Office of the Attorney General, of Columbia for
 Respondent.
 
 
 

PER CURIAM:  Eric A. Graham appeals the dismissal of
 his petition for writ of habeas corpus.  We affirm.[1]
FACTS
 AND PROCEDURAL HISTORY
Graham
 was convicted of murder and sentenced to life in prison by Judge Paul M. Burch
 in August of 1998.  An Anders appeal was filed and dismissed.  Graham
 then filed an application for post-conviction relief, and that application was
 dismissed.  His subsequent writ of certiorari to the South Carolina Supreme
 Court was denied.  Graham filed another application for post-conviction relief
 which was also dismissed.  Graham then filed a petition for writ of habeas corpus
 which was dismissed by Judge Burch acting in his capacity as chief
 administrative judge.
Graham
 appeals the dismissal of his petition for writ of habeas corpus.  The focus of
 his appeal is on Judge Burchs failure to recuse himself from ruling on the petition
 as he was the presiding judge at his trial.  Graham also argues in a very
 cursory fashion that his petition is meritorious.   
LAW/ANALYSIS
Graham
 contends Judge Burch was required to recuse himself from considering the
 dismissal of his petition for writ of habeas corpus because of his prior involvement
 with Grahams case.  We disagree.  
Canon 3(E)(1) of the Code of Judicial Conduct, Rule 501, South
 Carolina Appellate Court Rules, provides
 that [a] judge shall
 disqualify himself or herself in a proceeding in which the judges impartiality
 might reasonably be questioned.  This includes instances where the judge has a personal bias or
 prejudice concerning a party or a partys lawyer, or personal knowledge of
 disputed evidentiary facts concerning the proceeding.  Code of Judicial
 Conduct, Canon 3(E)(1)(a), CJC, Rule 501, SCACR.  However, the standard for
 establishing such prejudice is high.

 The alleged bias must stem from an
 extrajudicial source and result in a decision based on other than what the
 judge learned from his participation in the case. It is not enough for a party
 to allege bias; a party seeking disqualification of a judge must show some
 evidence of bias or prejudice. When no evidence is presented other than claimed
 adverse rulings by the judge, the judge is not required to recuse himself.
 

Reading v. Ball, 291 S.C. 492,
 494, 354 S.E.2d 397, 398 (Ct. App. 1987) (citations omitted).  
In the instant case, Graham has failed to put forth any evidence
 that calls Judge Burchs impartiality into question.  Furthermore, Judge Burch
 was only acting in his capacity as chief administrative judge when he dismissed
 Grahams Petition.  Judge Burch performed a ministerial function dismissing the
 case on procedural grounds because of Grahams filing the petition in circuit
 court as opposed to the original jurisdiction of the South Carolina Supreme
 Court.  See Keeler v. Mauney, 330 S.C. 568, 571, 500 S.E.2d 123,
 124 (Ct. App. 1998) (A person is procedurally barred from petitioning the
 circuit court for a writ of habeas corpus where the matter alleged is one which
 could have been raised in a PCR application.   Furthermore, if a person is
 procedurally barred, his only means of obtaining state habeas corpus relief is
 to file a petition in the original jurisdiction of the Supreme Court.).                                                                                              
Because there is no evidence of bias on the part of Judge Burch or
 prejudice to Graham, the dismissal of Grahams petition is
AFFIRMED.
ANDERSON,
 WILLIAMS, and KONDUROS, JJ., concur.  

[1]  This case was decided without oral argument
 pursuant to SCACR 215.