THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Eddie W. Harrell, Appellant,
 v.
 State of South Carolina, Respondent.
 
 
 

__________
Appeal From Richland County
J. Ernest Kinard, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-101
Submitted February 2, 2009  Filed
 February 26, 2009    
AFFIRMED

 
 
 
 Eddie W. Harrell, pro se, for Appellant.  
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Brian T. Petrano, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Eddie
 W. Harrell appeals the dismissal of his
 petition for writ of habeas corpus.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: S.C.
 Code Ann. § 17-27-20(b)  (2003) (explaining the Uniform Post-Conviction
 Procedure Act (the Act) "comprehends and takes the place of all other
 common law, statutory or other remedies heretofore available for challenging
 the validity of the conviction or sentence," and provides the Act "shall
 be used exclusively in place of them."); Simpson v. State, 329 S.C.
 43, 46, 495 S.E.2d 429, 431 (1998) (explaining habeas corpus is available only
 after the petitioner has exhausted all post-conviction remedies and habeas
 corpus cannot be used as a substitute for appeal or as a remedial procedure for
 the correction of errors for which a criminal defendant had an opportunity to
 avail himself); Gibson v. State, 329 S.C. 37, 42, 495 S.E.2d 426, 428
 (1998) ("[P]etitioner must allege sufficient facts to show why other remedies,
 such as PCR, are unavailable or inadequate."); Keeler v. Mauney,
 330 S.C. 568, 571, 500 S.E.2d 123, 124 (Ct. App. 1998) ("A person is
 procedurally barred  from petitioning the circuit court for a writ of habeas
 corpus where the matter alleged is one which could have been raised in a PCR
 application."). 
AFFIRMED.
HEARN, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.