THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Lemmie D. Stewart, Appellant,
 
 
 
 
 

v.

 
 
 
 
 The State of
 South Carolina, Respondent.
 
 
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2011-UP-064
 Submitted February 1, 2011  Filed
February 16, 2011    

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L.
 Savitz, III, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Michelle Parsons Kelley, all of
 Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Lemmie D. Stewart appeals the circuit court's
 dismissal of his petition for writ of habeas corpus, arguing he is entitled to
 a new trial as a matter of law because the destruction of the trial record
 precluded meaningful review.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code
 Ann. § 17-27-20(b) (2003) ("[The Uniform Post-Conviction Procedure Act (the
 Act)] comprehends and takes the place of all other
 common law, statutory or other remedies heretofore available for challenging
 the validity of the conviction or sentence."); Simpson v. State,
 329 S.C. 43, 46, 495 S.E.2d 429, 431 (1998) ("[A] matter which is cognizable
 under the Act may not be raised by a petition for a writ of habeas corpus
 before the circuit court or other lower courts."); Gibson v. State,
 329 S.C. 37, 42, 495 S.E.2d 426, 428 (1998) ("[A] petitioner must allege
 sufficient facts to show why other remedies, such as [post-conviction relief],
 are unavailable or inadequate.").
AFFIRMED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.