THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Anthony B. Burnside, Appellant,
 
 
 
 
 

v.

 
 
 
 
 State of South
 Carolina, Respondent.
 
 
 
 
 

Appeal From Greenwood County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2011-UP-282   
 Submitted June 1, 2011  Filed June 10,
2011

AFFIRMED

 
 
 
 Anthony Burnside, pro se, of Laurens, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Anthony B. Burnside appeals the circuit court's order
 dismissing his petition for a writ of habeas corpus as both procedurally barred
 by the Uniform Post Conviction Act (the Act) and moot.  On appeal, Burnside
 argues he was denied effective assistance of counsel in perfecting his appeal and
 prejudiced by a conflict of interest of his PCR counsel.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Jones v.
 Lott, 387 S.C. 339, 346, 692 S.E.2d 900, 903-04 (2010) ("Under the two
 issue rule, where a decision is based on more than one ground, the appellate
 court will affirm unless the appellant appeals all grounds because the
 unappealed ground will become law of the case."); S.C. Code Ann. §
 17-27-20(b) (2003) ("[The Act] comprehends and
 takes the place of all other common law, statutory or other remedies heretofore
 available for challenging the validity of the conviction or sentence."); Simpson v. State, 329 S.C. 43, 46, 495 S.E.2d 429, 431 (1998) ("[A]
 matter which is cognizable under the Act may not be raised by a petition for a
 writ of habeas corpus before the circuit court or other lower courts."); Gibson
 v. State, 329 S.C. 37, 42, 495 S.E.2d 426, 428 (1998) ("[A] petitioner
 must allege sufficient facts to show why other remedies, such as
 [post-conviction relief], are unavailable or inadequate.").
AFFIRMED.
FEW, C.J., PIEPER and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.