**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nakia Jones, Appellant,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-000602

———————————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-171
Submitted March 1, 2016 – Filed April 6, 2016

———————————

**AFFIRMED**

———————————

Nakia Jones, pro se.

Assistant Attorney General James Clayton Mitchell, III, of Columbia, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 17-27-20(B) (2014) ("[The Uniform Post-Conviction Procedure Act (the Act)] takes the place of all other common law, statutory or other remedies heretofore available for challenging the validity of the conviction or sentence."); *Simpson v. State*, 329 S.C. 43, 46, 495 S.E.2d 429, 431

(1998) ("[A] matter which is cognizable under the Act may not be raised by a petition for a writ of habeas corpus before the circuit or other lower courts."); *Gibson v. State*, 329 S.C. 37, 42, 495 S.E.2d 426, 428 (1998) ("[A] petitioner must allege sufficient facts to show why other remedies, such as [post-conviction relief], are unavailable or inadequate."); S.C. Code Ann. § 15-53-70 (2005) ("The court may refuse to render or enter a declaratory judgment or decree when such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.