659 S.E.2d 137

**James Kizer HAZEL, Jr., Respondent,**

v.

**STATE of South Carolina, Appellant.**

No. 26448.

Supreme Court of South Carolina.

Heard Jan. 9, 2008.

Decided March 10, 2008.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Deputy Attorney General T. Stephen Lynch, Assistant Attorney General David A. Spencer, of Columbia, for appellant.

Charles Preston Edwards, of Spartanburg, for respondent.

Justice MOORE.

After respondent's request for a declaratory judgment was granted, the State appealed. We certified the appeal from the Court of Appeals.

## FACTS

Respondent pled guilty to kidnapping in 1979 and was sentenced to life imprisonment.[1] He served twenty-two years of his sentence and was granted parole in 2002. Upon release, he was informed that he would be required to register on the Sex Offender Registry. Respondent has registered annually since that time.[2]

Respondent was required to register pursuant to S.C.Code Ann. § 23-3-430 (2007), which provides that persons convicted of certain offenses must register as sex offenders upon their release. The current § 23-3-430(C)(15) (2007) requires that any person convicted of kidnapping a person eighteen years of age or older must register as a sex offender unless a finding is made on the record that the kidnapping did not include a criminal sexual offense or attempted criminal sexual offense.

Respondent filed a petition for declaratory judgment requesting that he not be required to register as a sex offender. The petition was originally regarded as a PCR application; however, it was subsequently removed from the PCR docket and placed on the Common Pleas non-jury docket. Respondent's and the State's motions for summary judgment were denied.

A bench trial was held and an order was issued finding that the transcript of the plea made it clear there was no sexual element involved in the kidnapping. The court found the trial judge did not make a specific finding that sex was not involved in the kidnapping because the law that required him to do so was not yet in effect. The court further found that the legislative intent behind the 1998 amendment to § 23-3-430

---

1. Respondent, his former wife, and another man kidnapped a woman and demanded $20,000 from her husband. No sexual misconduct was involved in the kidnapping.

2. However, after the lower court's ruling, respondent was removed from the Sex Offender Registry.

was to protect the public from sexual offenders who may re-offend and the court found this was certainly not the case with respondent. The court granted respondent's motion for declaratory judgment and found that respondent is not required to register as a sex offender.

## ISSUES

I. Did the Court of Common Pleas err by finding that respondent's 1979 kidnapping conviction did not involve a sexual offense such that he would be required to register as a sex offender?

II. Did the Court of Common Pleas lack subject matter jurisdiction to make a factual finding that respondent's kidnapping conviction did not involve a sexual offense?

## DISCUSSION

### I

 The State argues respondent became a sex offender upon the enactment of the 1994 amendment to S.C.Code Ann. § 23-3-430, and that the court erred by applying the 1998 amendment to him.

Section 23-3-430 has been through many changes since its enactment in 1994. In the beginning, the statute provided that a person convicted of kidnapping shall be referred to as a sex offender. § 23-3-430(8) (Supp.1995). The statute was amended in 1996 and kidnapping was deleted from the listing of offenses that require one to register as a sex offender. § 23-3-430(C) (Supp.1996). In 1998, the statute was again amended and kidnapping was re-added as one of the enumerated offenses. An exception was added to state that if the court makes a finding on the record that the offense did not include a criminal sexual offense, then a defendant convicted of kidnapping would not be required to register as a sex offender. § 23-3-430(C)(15) (Supp.1998).

The statute was again amended in 1999. This amendment rewrote the kidnapping subsection to state that a person convicted of kidnapping a person eighteen years of age or older would be required to register as a sex offender. The exception was again included and stated that no registration

would be required if the court made a finding on the record that the offense did not include a criminal sexual offense or an attempted criminal sexual offense. § 23–3–430(C)(15) (Supp. 1999).[3]

The 1994 version of the statute does not apply to respondent. We conclude the applicable statute is the statute that existed at the time of respondent's release from prison.[4] Section 23–3–430 had no effect on respondent until he was released from prison and was required to register as a sex offender. Applying the law as it read on the date of respondent's release best fulfills the legislature's intent because respondent is not at risk of re-offending where his crime did not have involve a sexual element. South Carolina Code Ann. § 23–3–400 (2007) states:

> The intent of this article is to promote the states fundamental right to provide for the public health, welfare, and safety of its citizens....

The sex offender registry will provide law enforcement with the tools needed in investigating criminal offenses. Statistics show that sex offenders often pose a high risk of re-offending. Additionally, law enforcements efforts to protect communities, conduct investigations, and apprehend offenders who commit sex offenses are impaired by the lack of information about these convicted offenders who live within the law enforcement agency's jurisdiction.

*See also State v. Walls*, 348 S.C. 26, 558 S.E.2d 524 (2002) (the language of § 23–3–400 makes clear that the legislature did not intend to punish sex offenders, but instead intended to protect the public from those sex offenders who may re-offend and to aid law enforcement in solving sex crimes).

Accordingly, the 1999 version of § 23–3–430(C)(15) applies to respondent because he was released and required to regis-

---

**3.** *Three subsequent amendments did not affect this subsection.* § 23–3–430(C)(15) (2007).

**4.** Further, the kidnapping subsection of the 1994 statute was implicitly repealed by the 1996 amendment that removed kidnapping as one of the enumerated offenses requiring one to register as a sex offender. *See Taylor v. Murphy*, 293 S.C. 316, 360 S.E.2d 314 (1987) (repeal of a statute operates retrospectively and has the effect of blotting the statute out completely as if it had never existed).

ter in 2002.[5] The 1999 amendment states that a person convicted of kidnapping a person eighteen years of age or older would be required to register as a sex offender, with the exception that no registration would be required if the court made a finding on the record that the offense did not include a criminal sexual offense or an attempted criminal sexual offense. In the instant case, no such finding was made on the record because the amendment did not exist at that time. The record is clear, however, that no sexual misconduct was involved in this kidnapping. Accordingly, the Court of Common Pleas properly found that respondent should not be required to register as a sex offender.

## II

The State argues that the Court of Common Pleas did not have jurisdiction to make a factual finding regarding respondent's kidnapping offense and, instead, such a finding could be made only by the General Sessions court.

The Court of Common Pleas had the power to make this finding pursuant to the Declaratory Judgment Act. *See* S.C.Code Ann § 15–53–20 (2005) (courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed). The judge, in the Court of Common Pleas, properly determined respondent's status as affected by § 23–3–430, a civil statute. *See State v. Walls, supra* (Sex Offender Registry Act not so punitive in purpose or effect as to constitute a criminal penalty). As a result, we approve the procedure utilized by the Court of Common Pleas and find that court has the power to make the determination that a prior kidnapping offense did not involve sexual misconduct such that the one convicted is required to register as a sex offender. Accordingly, the decision of the lower court is **AFFIRMED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.

---

5. The lower court incorrectly applied the 1998 amendment; however, using the 1998 amendment, instead of the 1999 amendment, does not affect the result in this case.