THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Andrew Ray Longshore, Respondent,
 v.
 South Carolina Law Enforcement Division, Appellant.
 
 
 

Appeal From Newberry County
 Frank R. Addy, Circuit Court Judge

Memorandum Op. No. 2012-MO-009
Heard April 4, 2012  Filed April 11, 2012    

AFFIRMED

 
 
 
 Attorney
 General Alan Wilson, Chief Deputy Attorney General John W. McIntosh and Senior
 Assistant Attorney General David Spencer, of Columbia, for Appellant.
 John A.
 O'Leary, of Columbia, for Respondent.
 
 
 

PER CURIAM:  South
 Carolina Law Enforcement Division ("SLED") appeals the decision of
 the circuit court, which reversed the family court's order requiring Andrew
 Longshore ("Respondent") to register on the South Carolina Sex
 Offender Registry.[1] 
 SLED contends the circuit court erred as:  (1) it was without subject matter
 jurisdiction to review the family court's decision; and (2) Respondent, who was
 adjudicated delinquent after he admitted guilt to having committed criminal
 sexual conduct with a minor in the second degree, was not statutorily exempt
 from the registration requirement.
We affirm the circuit court's order pursuant to Rule 220(b)(1),
 SCACR, and the following authorities:  Hazel
 v. State, 377 S.C. 60, 659 S.E.2d 137
 (2008) (citing section 15-53-20 of the Declaratory Judgment Act, which provides
 that courts of record within their respective jurisdictions shall have power to
 declare rights, status, and other legal relations whether or not further relief
 is or could be claimed, and concluding that the Court of Common Pleas had the
 power to make a factual finding as to whether respondent's kidnapping
 conviction required him to register as a sex offender); S.C. Code Ann. §
 63-3-510(B) (2010) (formerly codified as section 20-7-400 and stating, "Whenever the court has acquired the jurisdiction
 of any child under seventeen years of age, jurisdiction
 continues so long as, in the judgment of the court, it may be necessary to
 retain jurisdiction for the correction or education of the child, but jurisdiction shall terminate when the child attains the age of
 twenty-one years.  Any child who has been adjudicated delinquent and placed on
 probation by the court remains under the authority of the court only until the
 expiration of the specified term of his probation.  This specified term of
 probation may expire before but not after the eighteenth birthday of the
 child."); State v. Jennings, 394 S.C. 473, 481-82, 716
 S.E.2d 91, 95 (2011) (recognizing that for an issue, including a constitutional
 issue, to be properly preserved for appellate review it must be raised to and
 ruled on by the trial court).
AFFIRMED.
PLEICONES, ACTING CHIEF JUSTICE, BEATTY, KITTREDGE, HEARN, JJ.,
 and Acting Justice James E. Moore, concur.

[1] 
 S.C. Code Ann. §§ 23-3-400 to -555 (2007 & Supp. 2011).