762 S.E.2d 51

Clifford THOMPSON, Appellant,

v.

STATE of South Carolina, Respondent.

Appellate Case No. 2010–161446.

No. 5244.

Court of Appeals of South Carolina.

Submitted Sept. 1, 2013.
Decided June 30, 2014.
Rehearing Denied Aug. 25, 2014.

Clifford Thompson, pro se.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General David A. Spencer, Assistant Attorney General Geoffrey Kelly Chambers, and Assistant Attorney General Kristin M. Simons, all of Columbia, for Respondent.

FEW, C.J.

Clifford Thompson appeals the circuit court's order dismissing his declaratory judgment action. In that action, he sought a declaration that his kidnapping convictions did not include a criminal sexual offense and would not require him to register as a sex offender. Thompson argues the circuit court erred in ruling (1) no justiciable controversy existed;[1] (2) it did not have subject matter jurisdiction to change Thompson's prison classification based on *Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (1999); and (3) Thompson's claims were moot. We affirm.[2]

Thompson pled guilty to four kidnapping and six armed robbery offenses in 2001, and the court sentenced him to twenty-five years in prison. At that time, a person convicted of kidnapping was required to register as a sex offender when released from prison "except when the court makes a finding ... the offense did not include a criminal sexual offense." S.C.Code Ann. § 23–3–430(C)(15) (Supp.2000); *see also* S.C.Code Ann. §§ 23–3–430(A), –440(1) (Supp.2000). The sentencing court did not determine whether any of the kidnappings included a criminal sexual offense. Thompson appealed,

---

1. Thompson presented this issue as two separate issues, but we believe combining them into one enables us to more accurately address the point he raises.

2. We decide this case without oral argument pursuant to Rule 215, SCACR.

and this court affirmed all of his convictions except one kidnapping and one armed robbery. *State v. Thompson,* Op. No. 2003–UP–252 (S.C.Ct.App. filed Apr. 3, 2003).

In 2009, Thompson filed this action. We find the circuit court properly determined no justiciable controversy existed and dismissed the action because the question of whether Thompson should be required to register as a sex offender is not ripe for adjudication. *See Pee Dee Elec. Coop., Inc. v. Carolina Power & Light Co.,* 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983) ("Before a court may render a declaratory judgment, an actual, justiciable controversy must exist. A justiciable controversy is a real and substantial controversy [that] is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute."). This case does not present a justiciable controversy because the current statutes requiring registration do not contemplate that Thompson will register until he is released from prison.[3] *See* S.C.Code Ann. § 23–3–430(A) (2007) ("Any person ... who ... has been convicted of ... an offense described below ... shall be required to register pursuant to the provisions of this article."); S.C.Code Ann. § 23–3–430(C)(15) (Supp.2013) (listing "kidnapping" as an offense requiring registration "except when the court makes a finding ... the offense did not include a criminal sexual offense"); S.C.Code Ann. § 23–3–440(1) (2007) ("The Department of Corrections ... shall provide verbal and written notification to the offender that he must register with the sheriff of the county in which he intends to reside within one business day of his release."). Moreover, "the applicable statute [for determining whether a person must register] is the statute that

---

**3.** Thompson's projected release date is August 5, 2020, and he is not currently registered on the sex offender registry. Offender Search, S.C.Law Enforcement Div., http://www.icrimewatch.net/index.php?AgencyID=54575 & disc= (agree to terms and conditions; then follow "Continue" hyperlink; then follow "Name" hyperlink; then search Clifford Thompson's name) (last visited Jun. 30, 2014). Although the record contains a printout from the Department of Corrections' website indicating Thompson is to be included in the sex offender registry, the Department of Corrections recently updated its website, and the website no longer indicates Thompson will be required to register. Inmate Search Detail Report, S.C. Dep't of Corr. Incarcerated Inmate Search, http://public.doc.state.sc.us/scdcpublic/ inmateDetails.do?id=00274805 (last visited Jun. 30, 2014).

exist[s] at the time of [that person's] release from prison," and thus it is unknown whether Thompson will be required to register. *Hazel v. State*, 377 S.C. 60, 64, 659 S.E.2d 137, 139 (2008).[4] Because the law does not require Thompson to register as a sex offender until he is released from prison, and because the sex offender registry statute may be amended between now and Thompson's release, we find the circuit court properly dismissed Thompson's action. Therefore, we do not reach the merits of Thompson's claim.

Thompson's claim will become ripe for adjudication when he is released from prison, if he is then required by law to register. The plaintiff in *Hazel* was convicted of kidnapping in 1979 and released from prison on parole in 2002. 377 S.C. at 62, 659 S.E.2d at 138. "Upon release, he was informed that he would be required to register on the Sex Offender Registry." *Id.* He later filed an action in circuit court claiming he should not be required to register. *Id.* "The court granted [Hazel]'s motion for declaratory judgment and found that [he] is not required to register as a sex offender." 377 S.C. at 63, 659 S.E.2d at 138. The supreme court held the circuit court had jurisdiction to hear the dispute and affirmed. 377 S.C. at 65, 659 S.E.2d at 140. Under *Hazel*, therefore, if Thompson is required upon release from prison to register as a sex offender, he may file a declaratory judgment action at that time to litigate the propriety of the requirement.[5]

---

4. The sex offender registry statutes have been amended many times since their enactment. *See* § 23–3–430(C) (enacted by Act No. 497, § 112A, 1994 S.C. Acts 5794–98; amended by Act No. 444, § 16, 1996 S.C. Acts 2684–90; Act No. 384, § 1, 1998 S.C. Acts 2302–2311; Act No. 74, § 1, 1999 S.C. Acts 244–45; Act No. 363, § 2, 2000 S.C. Acts 2444; Act No. 208, § 14, 2004 S.C. Acts 1930–31; Act No. 141, § 2, 2005 S.C. Acts 1608–11; Act No. 212, § 3, 2010 S.C. Acts 1517–19; Act No. 289, § 8, 2010 S.C. Acts 2112–13; and Act No. 255, § 5, 2012 S.C. Acts 2043–45). Many of the amendments have related to the status of kidnapping as a registration-triggering offense. *See Hazel*, 377 S.C. at 63–64, 659 S.E.2d at 139 (analyzing amendments to the sex offender registry statutes and noting kidnapping has been deleted from and added to the list of offenses that require registration).

5. We recognize the sex offender registry, specifically section 23–3–430(C)(15), did not exist when Hazel pled guilty in 1979. Therefore, the sentencing court in *Hazel*, unlike here, did not have the opportunity to determine whether the kidnapping included a criminal sexual offense. The difference is not significant, however, because in both cases

As to Thompson's other issues on appeal, the circuit court properly determined any issue relating to Thompson's classification as a sex offender by the Department of Corrections must first be addressed through administrative proceedings. *See AlShabazz*, 338 S.C. at 375–78, 527 S.E.2d at 753–55 (noting an inmate must initiate a grievance within the Department of Corrections to challenge his custody status, and holding an inmate can seek judicial review only after the administrative law court has issued a final decision). Thompson also argues the circuit court erred in finding his claims were moot. We do not address this issue because the circuit court did not make such a finding in its order.

**AFFIRMED.**

KONDUROS, J., concurs.

THOMAS, J., dissenting.

The majority maintains the circuit court correctly dismissed this action because no justiciable controversy existed and any issue relating to Thompson's classification as a sex offender by the Department of Corrections must be addressed through administrative proceedings. I respectfully dissent.

Initially, I disagree with the majority's position that Thompson failed to present a ripe issue because no justiciable controversy existed at the circuit court. "Before any action can be maintained, there must exist a justiciable controversy." *Byrd v. Irmo High Sch.*, 321 S.C. 426, 430, 468 S.E.2d 861, 864 (1996). "A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character." *Id.* at 430–31, 468 S.E.2d at 864. Specifically, the majority maintains this case does not present a justiciable controversy because the substance of the statute requiring registration is unknown until an inmate is released from incarceration. In my view, the controversy in this case does not arise from whether or not Thompson must register as a sex offender, but rather whether he should be

---

the only version of the statute applicable to the requirement for registration is the one in effect on the date of release. *See Hazel*, 377 S.C. at 64, 659 S.E.2d at 139 (holding "[s]ection 23–3–430[ (C)(15) ] had no effect ... until [the person] was released from prison").

classified as a sex offender.[6] Undoubtedly, Thompson will not be affected by having to register as a sex offender until he is released from prison, since an inmate is not required to register until their release. *See Hazel,* 377 S.C. at 64, 659 S.E.2d at 139 (noting a defendant is not required to register as a sex offender pursuant to section 23–3–430 until the defendant is released from prison). However, an inmate's classification as a sex offender, which in the case of kidnapping under the current statute is the default when the circuit court fails to make a finding regarding the sexual nature of the kidnapping, could have immediate and harmful ramifications.[7] *See* S.C.Code Ann. § 23–3–430 (Supp.2013). Accordingly, I respectfully disagree with the majority and would hold the circuit court erred in finding Thompson failed to present a justiciable controversy.

I would also hold the circuit court erred in finding any issue relating to Thompson's classification must be addressed through administrative proceedings. Generally, issues regarding custodial status within the Department of Corrections are administrative in nature and therefore are properly determined before the administrative body. *See Al–Shabazz v. State,* 338 S.C. 354, 368–69, 527 S.E.2d 742, 749–50 (2000). However, in my view, classification as a sex offender is not a custodial status; therefore, the current challenge was properly brought before the circuit court. Moreover, even if such a classification is considered a "custodial status," at least in the case of kidnapping, that status is a direct result of the circuit court's finding or failure to make any finding, that the offense

6. I distinguish *Hazel v. State,* 377 S.C. 60, 659 S.E.2d 137 (2008), from the current case because unlike *Hazel,* where the supreme court faced the question of the applicable statute as to sex offender registration, the instant case deals with the immediate ramifications of being labeled a sex offender. Hazel did not face such ramifications because, as the majority notes, the sex offender registry did not exist when Hazel pled guilty in 1979.

7. While not in the record on appeal, a simple review of the South Carolina Department of Corrections's website reveals an individual with a "current or past sex crime[ ] conviction" is ineligible for substance abuse services and the "90 Day Pre–Release Program." *See Division of Behavioral Health & Substance Abuse Services,* S.C. Dep't of Corr., http://www.doc.sc.gov/pubweb/programs/substance.jsp (last visited June 20, 2014).

was a criminal sexual offense. *See* S.C.Code Ann. § 23–3–430 (Supp.2013). Thus, any attempt by Thompson to challenge his status as a sex offender through the inmate grievance process would be futile in that the Department of Corrections is bound by the effect of the circuit court's decision [8] regarding whether his kidnapping conviction was sexual in nature. Based on the foregoing, I would reverse and remand because the circuit court erred in finding the instant case does not present a justiciable controversy and Thompson must institute administrative proceedings to challenge his status as a sex offender. Accordingly, I respectfully dissent.[9]

---

8. I use the term "decision" loosely because, as previously noted, pursuant to section 23–3–430(C)(15), the circuit court's failure to make a sex offender determination in the kidnapping context results in the defendant's designation as a sex offender.

9. While the majority does not reach the mootness issue, based on the record, I would hold this case is not moot. The majority cites a recent update to the Department of Corrections's website; however, this update is not evidence in the record on appeal. Rather, there is no evidence in the record indicating Thompson is no longer considered a sex offender, and therefore that "a judgment rendered by the court [would] have no practical legal effect upon an existing controversy." *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006).