# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Clifford Thompson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-001984

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

---

Opinion No. 27610
Heard October 21, 2015 – Filed March 2, 2016

---

## AFFIRMED IN PART, REVERSED IN PART

---

Lindsey S.Vann, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, and Assistant
Attorney General Marcie E. Greene, all of Columbia, for
Respondent.

---

**ACTING JUSTICE TOAL:**   Clifford Thompson appeals the court of appeals'
decision in *Thompson v. State*, 409 S.C. 386, 762 S.E.2d 51 (Ct. App. 2014),
affirming the circuit court's refusal to grant Thompson's request for declaratory

judgments finding that: (1) his kidnapping offenses did not involve a sexual element; and (2) Thompson would not need to register as a sex offender upon his release from prison in 2020.  We reverse in part, and affirm in part.

## FACTS/PROCEDURAL BACKGROUND

From 1998 to 2000, an armed perpetrator committed six robberies of hotels in Lexington, Richland, Berkeley, and Charleston counties.  During each of these robberies, the perpetrator entered the hotel, held the clerk at gunpoint, restrained the clerk with either duct tape or rope, and stole money out of the hotel safe and till.  After an investigation, the police arrested Thompson for these robberies, and a grand jury indicted Thompson on multiple counts of armed robbery and kidnapping.[1]

In 2001, Thompson pled guilty to six counts of armed robbery and four counts of kidnapping.  At the time of the plea, the circuit court failed to make a finding that the four kidnapping offenses were not sexual in nature.  *See* S.C. Code Ann. § 23-3-430(C)(15) (2007 & Supp. 2014) (stating that anyone convicted of kidnapping is considered a sex offender "except when the court makes a finding on the record that the offense did not include a criminal sexual offense or an attempted criminal sexual offense").

In 2009, after discovering that the South Carolina Department of Corrections (SCDC) classified him as a sex offender due to his kidnapping convictions, Thompson filed a petition for a declaratory judgment, requesting the court find that the kidnapping offenses were not sexual in nature, and did not require him to register as a sex offender pursuant to section 23-3-430(C)(15).  The State moved the court to dismiss Thompson's action under Rules 12(b)(1) and (6), SCRCP, arguing that Thompson's petition was not yet ripe because sex offender registration requirements are determined solely by the law in effect at the time of an inmate's release from prison, and Thompson would not be released until 2020.

The circuit court granted the State's motion, finding that the action was not ripe.  The court further found that Thompson was required to pursue administrative review within the SCDC in order to change his internal classification there.  *See Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000).  The circuit court did not address Thompson's request that the court make a finding on the record that his

---

[1] The kidnapping charges against Thompson stemmed solely from Thompson's alleged restraint of the clerks.

kidnapping convictions were not sexual in nature.

In a split decision, the court of appeals affirmed. *Thompson*, 409 S.C. 386, 762 S.E.2d 51. Chief Judge Few, writing for the majority, found that "the circuit court properly determined no justiciable controversy existed and dismissed the action because the question of whether Thompson should be required to register as a sex offender is not ripe for adjudication." *Id.* at 388, 762 S.E.2d at 52.

In dissent, Judge Thomas found that Thompson's claim presented a justiciable controversy because of the SCDC's current classification of Thompson as a sex offender, noting that the classification "could have immediate and harmful ramifications." *Id.* at 390–91, 762 S.E.2d at 53 (Thomas, J., dissenting). For example, Judge Thomas noted that because of his classification, Thompson was ineligible for substance abuse services and the ninety-day pre-release program. *Id.* at 391 n.7, 762 S.E.2d at 53 n.7 (Thomas, J., dissenting). Further, Judge Thomas found that the SCDC's classification of Thompson was a "direct result of the circuit court's finding or failure to make any finding, that the [kidnapping] offense was a criminal sexual offense," and that therefore "any attempt by Thompson to challenge his status as a sex offender through the inmate grievance process would be futile in that the [SCDC] is bound by the effect of the circuit court's decision regarding whether his kidnapping was sexual in nature." *Id.* at 391–92, 762 S.E.2d at 54 (Thomas, J., dissenting) (footnote omitted).

We granted Thompson's petition for a writ of certiorari to review the court of appeals' decision.

## ISSUES

I.    Whether the circuit court may properly issue a declaratory judgment that Thompson's kidnapping offenses did not involve a sexual element?

II.   Whether the circuit court may properly issue a declaratory judgment that Thompson need not register as a sex offender upon his release from prison in 2020?

III.  Whether the circuit court may properly address the SCDC's classification of Thompson as a sex offender?

## ANALYSIS

Pursuant to South Carolina's Uniform Declaratory Judgments Act (the Declaratory Judgment Act),[2] "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." S.C. Code Ann. § 15-53-20. "Any person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the [] statute . . . and obtain a declaration of rights, status or other legal relations thereunder." *Id.* § 15-53-30.[3]

"To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy." *Sunset Cay, L.L.C. v. City of Folly Beach*, 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004). "'A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character.'" *Id.* (quoting *Power v. McNair*, 255 S.C. 150, 154, 177 S.E.2d 551, 553 (1970)); *see also Peoples Fed. Sav. & Loan Ass'n of S.C. v. Res. Planning Corp.*, 358 S.C. 460, 477, 596 S.E.2d 51, 60 (2004) (quoting *Pee Dee Elec. Coop., Inc. v. Carolina Power & Light Co.*, 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983)). The Court should liberally construe the Declaratory Judgment Act so as "to accomplish its intended purpose of affording a speedy and inexpensive method of deciding legal disputes and of settling legal rights and relationships, without awaiting a violation of the rights or a disturbance of the relationships." *Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995).

## I.   *Character of Kidnapping Offenses*

---

[2] S.C. Code Ann. §§ 15-53-10 to -140 (2005 & Supp. 2014).

[3] Section 23-3-430 is found in the portion of the South Carolina Code encompassing South Carolina's sex offender registry. As we have repeatedly stated, the sex offender registry is a civil requirement separate and apart from the criminal punishments associated with sexual offenses in this state. *State v. Nation*, 408 S.C. 474, 481, 759 S.E.2d 428, 432 (2014) (citing *In re Justin B.*, 405 S.C. 391, 394, 404–08, 747 S.E.2d 774, 775, 781–83 (2013)). As such, a declaratory judgment, and not post-conviction relief (PCR), is the appropriate vehicle in which to address this matter. *Cf. Williams v. Ozmint*, 380 S.C. 473, 671 S.E.2d 600 (2008) (stating that PCR is intended to address constitutional violations related to the criminal conviction (citing S.C. Code Ann. § 17-27-20(a) (2007))).

Thompson contends that in his action for a declaratory judgment, he requested two declarations: (1) that his kidnapping offenses did not involve a sexual element (the first declaration); and (2) that therefore he would not have to register as a sex offender in the future (the second declaration). Thompson asserts that the circuit court and court of appeals ignored the first declaration in their respective order and opinion, and only addressed the second. We agree.

During the hearing regarding the State's motion to dismiss, the circuit court stated that a criminal defendant must request the court make a finding on the record regarding the character of a kidnapping offense at the time of a guilty plea or jury verdict. The circuit court further stated that should the defendant fail to secure a finding at that time, he forever waives his right to assert that the kidnapping was not sexual in nature.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment of the United States Constitution." *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008). Fundamentally, due process requires notice, a meaningful opportunity to be heard, and judicial review. *Id.*

We find that Thompson has been denied a meaningful opportunity to be heard on whether his kidnapping offenses were sexual in nature. Section 23-3-430 is a civil statute, and we cannot imagine the General Assembly intended to allow a criminal defendant affected by section 23-3-430 the opportunity to be heard only during his criminal proceedings. While it is permissible—and even encouraged—for the sentencing court to determine the character of any kidnapping offenses at that time, the defendant is entitled to a meaningful opportunity to be heard on the matter at some point, because the civil consequences follow immediately after conviction, and not merely upon his release from prison.[4]

---

[4] For example, as Judge Thomas noted in her dissent, Thompson is ineligible to receive substance abuse services while incarcerated, or to enroll in the ninety-day pre-release program (a program designed to help soon-to-be-released inmates reintegrate back into society). *Thompson*, 409 S.C. at 391 n.7, 762 S.E.2d at 53 n.7 (Thomas, J., dissenting); *see also Division of Behavioral Health and Substance Abuse Services*, S.C. Dep't of Corrs., http://www.doc.sc.gov/programs/ substance.jsp (last visited Dec. 15, 2015).

We therefore reverse the court of appeals' affirmance of the trial court's order with respect to the first declaration.  On remand, Thompson and the State are entitled to a hearing to determine whether Thompson's kidnapping offenses were sexual in nature.  At that hearing, the court should allow the victims' to testify if they so desire, and should consider the victims' opinions.

## II.    *Future Sex Offender Registration*

In *Hazel v. State*, we held that a person convicted of kidnapping could not challenge whether he was required to register as a sex offender until the date of his release from prison, because that issue is entirely dependent on the sex offender registry statute in existence at that time.  377 S.C. 60, 64, 659 S.E.2d 137, 139 (2008) (detailing the history of the sex offender registry as it related to kidnapping offenses).  Here, Thompson will not be released from prison until 2020.  Because there is no way to determine whether the General Assembly will amend section 23-3-430(C)(15) prior to 2020, a declaration that Thompson is not required to register as a sex offender in the future would be purely advisory.  Thus, the second declaration does not present a justiciable controversy, and we affirm the court of appeals' decision with regards to the second declaration.

## III.    *SCDC Classification*

Because Thompson has not yet exhausted the SCDC's internal grievance procedures, we decline to address this issue.  *Al-Shabazz*, 338 S.C. at 375, 527 S.E.2d at 753 (finding that with respect to an inmate's sentence, sentence-related credits, or custody status, "[i]nitiating a grievance is a method an inmate uses to challenge such decisions within the prison system").  Once Thomson receives his requested hearing regarding the nature of his kidnapping offenses, and once he attempts to have the SCDC modify his classification through the grievance system, he may obtain judicial review of this issue.  *See id.*

### CONCLUSION

For the foregoing reasons, we reverse the court of appeals' decision affirming the circuit court's refusal to address whether Thompson's kidnapping offenses did not involve a sexual element, and remand for a hearing on this issue.  However, because the issue of whether Thompson will be required to register as a sex offender upon his release from prison is not yet ripe, and because the SCDC's classification of Thompson as a sex offender in prison is subject to internal grievance procedures, we affirm the court of appeals' decision with respect to those

two issues, and allow Thompson to file a grievance with the SCDC to become reclassified in the SCDC's system.

**AFFIRMED IN PART, REVERSED IN PART.**

**BEATTY, KITTREDGE, and HEARN, JJ., concur.  PLEICONES, C.J., concurring in result only.**